[Civ. No. 50286. First Dist., Div. Three. Oct. 23, 1981.]

COMMUNITY CAUSE, Plaintiff and Appellant, v.
DANIEL E. BOATWRIGHT, Defendant and Respondent.

COUNSEL

Stephan C. Williams and David N. Bortin for Plaintiff and Appellant.

Arthur M. Shelton for Defendant and Respondent.

**OPINION**

SCOTT, J.—Plaintiff Community Cause filed an action for damages and injunctive and declaratory relief against defendant Daniel E. Boatwright. A demurrer to plaintiff's second amended complaint was sustained without leave to amend, and plaintiff has appealed from the ensuing judgment. The principal question presented is whether allegations of fraudulent nondisclosure will toll the statutes of limitation of both the Moscone Governmental Conflict of Interests and Disclosure Act and its successor, the Political Reform Act of 1974. We also consider whether the limitations period of the latter act is tolled during an administrative investigation by the Fair Political Practices Commission.

*The Complaint and the Demurrer*

Community Cause is a nonprofit California corporation located in Contra Costa County. Defendant Daniel Boatwright was a state assemblyman representing the 10th Assembly District, which encompassed part of Contra Costa County.[1]

The gist of plaintiff's complaint is that over a period of years, Boatwright violated both the Moscone Governmental Conflict of Interests and Disclosure Act (Gov. Code, § 3600 et seq.; hereafter the 1973 Act) and the Political Reform Act of 1974 (Gov. Code, § 81000 et seq.;

---

[1]Boatwright is now a state senator, representing the Seventh Senatorial District.

hereafter PRA),[2] by repeatedly failing to disclose his interest in a partnership known as Countrywood Shopping Center Associates (hereafter Countrywood) which owned certain real property adjacent to Walnut Creek.

The original complaint was filed in May of 1978. At issue is the second amended complaint, which contains 20 causes of action. The first six allege that defendant violated the 1973 Act in that he intentionally or negligently failed to disclose his Countrywood interest in disclosure statements filed on April 30 and August 12, 1974, and April 1, 1975. The seventh through twentieth allege violations of the PRA: defendant allegedly intentionally or negligently failed to disclose his Countrywood interest in statements filed on December 22, 1975, and March 12, 1976; defendant also allegedly failed to disclose certain income and filed an otherwise inaccurate disclosure statement on December 16, 1976. The complaint also alleges that plaintiff discovered defendant's nondisclosure as a result of discovery conducted in a lawsuit between Countrywood's partners, when certain documents became available as public record. These causes of action will be explained in more detail as we discuss appellant's contentions.

In support of his demurrer, defendant urged that certain of these causes of action were barred by applicable statutes of limitation, that others failed to state facts sufficient to allege any violation of the PRA, and that others were insufficient in that the required request for administrative action had not been made to the Fair Political Practices Commission. The trial court did not specify its reasons for sustaining the demurrer other than that the entire complaint "does not and cannot state a cause of action."

In determining whether or not a complaint is sufficient to withstand a general demurrer, the rule is that a demurrer admits all the material and issuable facts properly pleaded, and if it appears that the plaintiff is entitled to any relief against the defendant, the complaint will be held good, even though the facts may not be clearly stated. (*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572 [108 Cal.Rptr. 480, 510 P.2d 1032].) Moreover, generally great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily constitutes

---

[2]The 1973 Act was superseded but not repealed by the PRA, which was adopted as an initiative measure. (*Hays* v. *Wood* (1979) 25 Cal.3d 772, 781 [160 Cal.Rptr. 102, 603 P.2d 19].)

Unless otherwise indicated, all statutory references are to the Government Code.

an abuse of discretion to sustain a demurrer without leave to amend if there is a possibility that the defect can be cured by amendment. (*Scott v. City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137].) However, if it does not appear that under applicable substantive law there is any reasonable probability that the defects can be cured, there is no abuse of discretion in sustaining a demurrer without leave to amend. (*Sackett v. Wyatt* (1973) 32 Cal.App.3d 592, 603 [108 Cal.Rptr. 219].) Furthermore, the burden is on the plaintiff to demonstrate that the court abused its discretion. Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [134 Cal.Rptr. 375, 556 P.2d 737].)

Finally, we emphasize that in reviewing this matter, we are not concerned with the plaintiff's possible inability or difficulty in proving the allegations of the complaint. (*Gruenberg, supra*, 9 Cal.3d at p. 572.)

### *Fraudulent Concealment and Statutes of Limitations*

First, plaintiff contends that the relevant statutes of limitation were tolled because defendant fraudulently concealed these causes of action.

The disclosure schemes of both the 1973 Act and the PRA seek appropriate information from designated state and local officials about the sources and general magnitude of their financial interests which may give rise to conflicts of interests. (*Hays v. Wood, supra*, 25 Cal.3d at p. 782.) The 1973 Act required disclosure of limited information about investments or real property in excess of $1,000, and of somewhat more detailed information as to sources of personal income. (*Id.*, at p. 781.) Either the district attorney, the Attorney General, or a citizen or group of citizens was authorized to bring an action in superior court to enjoin violations or compel compliance. (§ 3751.) A penalty could be imposed for nondisclosure. (§ 3751, subd. (d).) Although the act contained no express statute of limitations on actions to compel compliance, the parties agree that such an action was "upon a statute for a penalty or forfeiture," and that therefore the statute of limitations was one year. (Code Civ. Proc., § 340, subd. 1.)[3]

---

[3]Code of Civil Procedure section 340, subdivision 1, provides for a one-year statute of limitations on "[a]n action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation; . . ."

The PRA also requires periodic disclosures of personal income, and investment and real property interests. (§§ 87200-87207.) Unlike the 1973 Act, the PRA provides for both criminal and civil penalties for violations. A wilful violation of the PRA is a misdemeanor. (§ 91000.) In addition, "[a]ny person who intentionally or negligently violates any of the reporting requirements of this act shall be liable in a civil action brought by the civil prosecutor or by a person residing within the jurisdiction for an amount not more than the amount or value not properly reported." (§ 91004.) The civil prosecutor with respect to state officials is the Fair Political Practices Commission (hereafter FPPC). (§§ 91001, subd. (b), 83100, 83115.) Prior to filing an action pursuant to section 91004, a person must first request that the FPPC commence the action. (§ 91007.) Finally, no action is to be filed pursuant to section 91004 "more than two years after the first day on which a request to the civil prosecutor could be filed." (§ 91011.)[4]

■ The general rule is that a statute of limitations begins to run when a cause of action accrues, even though the plaintiff is ignorant of the cause of action or of the identity of the wrongdoer. A cause of action invariably accrues when there is a remedy available. (*Baker* v. *Beech Aircraft Corp.* (1974) 39 Cal.App.3d 315, 321 [114 Cal.Rptr. 171, 91 A.L.R.3d 981].) In this case, therefore, a separate cause of action accrued on the date of each disclosure statement.

In its first six causes of action, governed by one-year statute of limitations applicable to the 1973 Act, plaintiff complained of incomplete disclosure statements made in April and August 1974, and April 1975, but its original complaint was not filed until May 10, 1978.[5] Those causes of action are obviously barred unless the statute was tolled for some reason. The two-year statute of limitations of the PRA applies to plaintiff's remaining causes of action. The 7th through 10th and 19th and 20th causes of action, which allege incomplete disclosure in December 1975 and March 1976, are also barred unless the statute has been tolled.

---

[4]Section 91011 now provides for a four-year statute of limitations. (Stats. 1978, ch. 1411, § 4.)

[5]Although an amended complaint supersedes an original complaint, the time of filing of the original is still the date of commencement of the action for purposes of the statute of limitations, provided recovery is still sought on the same general set of facts. (*Elkins* v. *Derby* (1974) 12 Cal.3d 410, 418 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1035, p. 2614.)

In general the fraudulent concealment by the defendant of a cause of action tolls the relevant statute of limitations, which does not begin to run until the aggrieved party discovers the existence of the cause of action. (*Pashley* v. *Pacific Elec. Ry. Co.* (1944) 25 Cal.2d 226, 229 [153 P.2d 325].) The rationale for this rule is that such a defendant should be estopped from taking advantage of his own wrong by asserting the statute of limitations. (*Sears* v. *Rule* (1945) 27 Cal.2d 131, 147 [163 P.2d 443].)

In *Baker* v. *Beech Aircraft Corp., supra*, 39 Cal.App.3d at page 324 the court expanded upon that rationale, explaining that statutes of limitation are intended in part to prevent fraud, to keep parties from asserting rights after a lapse of time has destroyed or impaired the evidence which would show that such rights never existed or had been extinguished.

"To hold that by concealing fraud, or by committing fraud in such a manner as to conceal it until after the party committing the fraud could plead the statute of limitations to protect itself, is to make the law which was designed to prevent fraud the means by which it is successful and secure. (See *Waugh* v. *Guthrie Gas, Light, Fuel & Improvement Co., supra*, 37 Okla. 239 [131 P. 174, 178].)" (*Id.*, at p. 324.)

■ Defendant argues that the doctrine of fraudulent concealment is inapplicable to statutory causes of action which impose penalties. Defendant first correctly states the general rule that the statutes imposing penalties are to be strictly construed. (*Ghera* v. *Sugar Pine Lumber Co.* (1964) 224 Cal.App.2d 88, 92 [36 Cal.Rptr. 305].) From that rule, he reasons that the statutes of limitation in these penalty-imposing schemes are absolute. Defendant's argument is unpersuasive.

Notwithstanding the general rule of strict construction, both the 1973 Act and the PRA expressly declare that their provisions are to be *liberally construed*, to fully protect the public interest and accomplish their purposes. (§§ 3602, 81003.) The 1973 Act was intended in part "to inform citizens of the existence of personal economic interests which may present a conflict of interest between the official's public trust and private gain; ..." (§ 3601, subd. (2).) Similarly, the PRA includes among its purposes that "[a]ssets and income of public officials which may be materially affected by their official actions should be disclosed and in appropriate circumstances the officials should be disqualified from act-

ing in order that conflicts of interest may be avoided; . . ." (§ 81002, subd. (d).) It would be incongruous and inconsistent with these stated aims to hold that fraudulent concealment does not toll the statutes of limitation on causes of action arising out of either of these acts, the heart of which is the elected official's obligation to disclose.

Defendant relies on *People* v. *Olson* (1965) 232 Cal.App.2d 480, 489 [42 Cal.Rptr. 760], to argue that statutes of limitation applicable to civil penalty statutes are not subject to being tolled. However, *Olson*, a criminal case, is inapposite.

Defendant then argues that fraud cases are inapplicable because this is not a civil action for fraud. However, plaintiff does not argue that this is an action for fraud. Defendant apparently misunderstands the relationship between causes of action for fraud and the doctrine of fraudulent concealment. The doctrine of fraudulent concealment applies to *any* type of case, not just civil actions for fraud, although the doctrine has an effect similar to the statutory rule of delayed accrual in fraud cases. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 401-407, pp. 1235-1240.)

We conclude that the statutes of limitation in these two acts can be tolled by allegations of a defendant's fraudulent concealment. We next consider whether plaintiff has alleged sufficient facts to establish such concealment.

■ When a plaintiff alleges the fraudulent concealment of a cause of action, the same pleading and proof is required as in fraud cases: the plaintiff must show (1) the substantive elements of fraud, and (2) an excuse for late discovery of the facts. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 403, p. 1236.) With respect to the fraud itself, "[w]here there is a duty to disclose, the disclosure must be full and complete, and any material concealment or misrepresentation will amount to fraud sufficient to entitle the party injured thereby to an action. [Citations.]" (*Pashley* v. *Pacific Elec. Ry. Co., supra*, 25 Cal.2d at p. 235.) As for the belated discovery, the complaint must allege (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry. (*Baker* v. *Beech Aircraft Corp., supra*, 39 Cal. App.3d at p. 321.)

Furthermore, as with any cause of action for fraud, general pleading of the legal conclusion of fraud is insufficient; the facts constituting the fraud must be alleged, and the policy of liberal construction will not ordinarily be involved to sustain such a pleading defective in any material respect. (See *Hall* v. *Department of Adoptions* (1975) 47 Cal.App.3d 898, 904 [121 Cal.Rptr. 223].) The rationale for the rule requiring specificity is that allegations of fraud are serious, and the defendant is entitled to receive sufficient details in order to prepare his defense. (See *Scafidi* v. *Western Loan & Bldg. Co.* (1946) 72 Cal.App.2d 550, 553 [165 P.2d 260]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 574, pp. 2211-2212.)

With these principles in mind, we examine the allegations of plaintiff's complaint.

■ First, allegations of mere *negligent* failure to disclose are insufficient to satisfy the above requirements. Therefore the demurrer as to second, fourth, sixth, eighth, tenth and twentieth causes of action was properly sustained without leave to amend, absent any other reason for tolling. (See discussion of eighth, tenth, and twentieth causes of action, *infra.*)

■ As to the remaining causes of action seemingly barred by the statutes of limitation, plaintiff alleged that defendant was subject to the requirements of either the 1973 Act or the PRA, that he filed the required statement purporting to set forth all of his investments and real property interests; that he intentionally failed to disclose his Countrywood interest; that in the exercise of due diligence plaintiff did not discover the true facts at once, since the interest was of the type known only to defendant and some of his partners; and that it discovered the nondisclosure when documents filed in another lawsuit became public. The complaint is not vague, and the accusations that defendant must defend against are clear. The allegations are sufficiently specific to satisfy the pleading requirements. (See *Baker, supra*, 39 Cal.App.3d at p. 324.)

*Allen* v. *Jones* (1980) 104 Cal.App.3d 207 [163 Cal.Rptr. 445], relied upon by defendant, is readily distinguishable. The complaint in that case alleged in general terms that defendants acted wantonly, recklessly, and in an outrageous manner; however, no facts were alleged and a demurrer was properly sustained for lack of specificity. In this case there is no question as to what conduct is at issue. Plaintiff alleges that

defendant intentionally did not disclose his shopping center interest, despite his duty to do so.

Defendant then contends that even if the doctrine of fraudulent concealment applies and the complaint is sufficiently specific, certain of its causes of action are still barred by the statute of limitations. We agree.

When a plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (*such as public records* or corporation books), the statute applicable to the cause of action commences to run. (*Baker* v. *Beech Aircraft Corp.* (1979) 96 Cal.App.3d 321, 327-328 [157 Cal.Rptr. 779].) (Italics added.) Here, although plaintiff alleges that it discovered the nondisclosure only six months before its complaint was filed in May 1978, it also alleges that the documents which led to the discovery became available as public records in "late 1976 and continuing through 1977." It alleges no facts to explain the gap between the date these documents first became available and the alleged date of discovery.

■ When the court has sustained a demurrer without leave to amend, the burden is on the plaintiff to demonstrate how he can amend his complaint, and how that amendment will change the legal effect of his pleading. (*Goodman* v. *Kennedy, supra,* 18 Cal.3d at p. 349.) In the absence of some representation to the contrary, it can be presumed that appellant has stated his side of the controversy as strongly and as favorably as all the facts known to him would permit. (See *Scafidi* v. *Western Loan & Bldg. Co., supra,* 72 Cal.App.2d at p. 571.) In addition, when it is apparent on the face of a pleading that the applicable statute of limitations has run, in order to avoid the bar of the statute, the pleader must state *with particularity* facts, rather than conclusions, which excuse his failure to learn of the fraud within the statutory period. (*Casualty Ins. Co.* v. *Rees Investment Co.* (1971) 14 Cal.App.3d 716, 719-720 [92 Cal.Rptr. 857].)

■ We conclude that plaintiff's first, third, and fifth causes of action are barred by the one-year statute of limitations of the 1973 Act, despite defendant's alleged fraudulent concealment, because (1) it appears on the face of the complaint that plaintiff had the opportunity to obtain knowledge about defendant's nondisclosure in late 1976, but did not file its complaint until May 1978; (2) plaintiff did not allege facts to excuse or explain that delay; and (3) plaintiff has not demonstrated

how the complaint could be amended to remedy that defect. Therefore the demurrer was properly sustained without leave to amend as to those counts.

*Administrative Remedy and the Statute of Limitations*

The PRA requires that before filing a civil action pursuant to section 91004, a person must first file with the civil prosecutor (here the FPPC) a written request that the prosecutor commence the action. "The civil prosecutor shall respond within forty days after receipt of the request, indicating whether he intends to file a civil action. If the civil prosecutor indicates in the affirmative and files suit within forty days thereafter, no other action may be brought unless the action brought by the civil prosecutor is dismissed without prejudice . . . ." (§ 91007.)

Plaintiff's complaint attaches and incorporates by reference its written request to the FPPC, allegedly submitted on about December 7, 1977, and "amended" December 30 by a second letter. The complaint also alleges that on March 9, 1978, the FPPC indicated that it would not proceed against defendant.

Plaintiff's contention that the two-year statute of limitations should have been suspended during the FPPC's investigation is correct. The long-settled rule is that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the limitations period is tolled during the time consumed by those administrative proceedings, because during that period the plaintiff is legally prevented from taking any action to protect his rights. (*Elkins* v. *Derby, supra,* 12 Cal.3d at p. 414; *Dillon* v. *Board of Pension Commrs.* (1941) 18 Cal.2d 427, 430-431 [116 P.2d 37, 136 A.L.R. 800].)

Defendant argues that had the Legislature intended this rule to apply, it would have said so. However, the courts are not to presume that in enacting statutes, the Legislature intends to overthrow established principles of law unless such intention is clear, either by express declaration or by necessary implication; instead it will be presumed that the Legislature took such principles for granted rather than sought to alter them by omitting any specific provision for their application. (*Jaynes* v. *Stockton* (1961) 193 Cal.App.2d 47, 56 [14 Cal.Rptr. 49].) While the PRA was enacted by initiative rather than by the Legislature, that difference does not require application of a different rule of statutory construction. (See *Hays* v. *Wood, supra,* 25 Cal.3d at p. 786, fn. 3:

["The fact that the [Political Reform] Act ... was adopted as an initiative measure does not affect its status as legislation. . . ."].)

Although the FPPC was required to respond to plaintiff's request within 40 days after December 7, 1977, it did not actually do so until March 9, 1978. During the period between the request and the FPPC's response, the running of the two-year statute of limitations should have been suspended. Plaintiff's tenth cause of action, alleging negligent concealment, arose out of defendant's March 12, 1976, statement; the two-year statute of limitations, which was *not* tolled by the doctrine of fraudulent concealment, would have expired on March 12, 1978. Thus when plaintiff wrote to the FPPC on December 7, 1977, approximately three months remained before the statute would run. Consequently, when the FPPC responded in early March 1978, plaintiff still had approximately three months to file its own action, or until early June of that year. Therefore the complaint was timely as to this cause of action.

However, the eighth and twentieth causes of action cannot be similarly salvaged. Those causes of action arose out of respondent's December 22, 1975, statement, and when plaintiff wrote to the FPPC, only fifteen days remained before the two-year period expired. The instant complaint was filed well beyond 15 days after the FPPC's response, those causes of action are still barred. For reasons to be discussed *infra*, we also conclude that the twentieth cause of action does not allege a violation of the PRA.

### Sufficiency of the Remaining Causes of Action

*Eleventh Cause of Action:* This cause of action alleges that in his December 1976 statement, defendant declared his acquisition of an option in Countrywood, with a value in excess of $100,000. Plaintiff alleges the value of that option actually exceeded $400,000. Regardless of any statute of limitations, the demurrer was properly sustained as to this cause of action. The PRA requires only that a disclosure statement indicate whether "the fair market value . . . exceeds ten thousand dollars ($10,000), and whether it exceeds one hundred thousand dollars ($100,000)." (§ 87206, subd. (d).) There is no requirement for more specificity, and the facts alleged do not constitute a violation of the PRA.

*Twelfth Cause of Action:* This cause of action alleges that while defendant claimed to have acquired his Countrywood interest in 1976, he actually acquired it in 1973 or 1974. Defendant argues that

with this allegation, plaintiff is attempting to revive causes of action based on earlier disclosure statements which are now barred. However, section 87206 requires that if an investment or interest in real property was partially or wholly acquired or disposed of during the period covered by a disclosure statement, that statement must include the date of acquisition or disposal. Therefore these allegations are an attack on the accuracy of the December 1976 statement, and the demurrer should not have been sustained as to this cause of action.

*Thirteenth Through Sixteenth Causes of Action:* ██ These causes of action involve the disparity between what defendant allegedly paid for his option ($24,000) and the alleged value of that option (between $300,000 and $400,000). Plaintiff alleges that disparity should have been disclosed as income, because it was either a discount or a gift. Defendant was required to disclose his income as well as his investments and interests in real property. (§ 87203.) At the time of this action section 82030, subdivision (a), defined income as "income of any nature from any source, including ... any ... gift, ... discount in the price of anything of value unless the discount is available to members of the public without regard to official status...."[6] Section 82028 defined gift as "any payment to the extent that consideration of equal or greater value is not received."

Defendant merely argues that he disclosed the value of the option, which is all the PRA requires. While it is true that generally the act does not require disclosure of the purchase price of an investment or interest in real property (see § 87206), defendant's argument does not refute plaintiff's contention that in this case the price was relevant to "income" within the meaning of the act. Regardless of whether plaintiff will ever be able to prove these claims, facts have been alleged sufficient to withstand a demurrer.[7]

---

[6]"[I]ncome" now means "a payment received, including ... any ... gift"; "gift" means "any payment to the extent that consideration of equal or greater value is not received and includes a rebate or discount in the price of anything of value unless the rebate or discount is made in the regular course of business to members of the public without regard to official status." (§§ 82028, 82030, subd. (a).) (Stats. 1978, ch. 641, §§ 1, 2, pp. 2101-2102.)

[7]Defendant points out an inconsistency within both the 15th and 16th causes of action. In a single paragraph, plaintiff alleges that defendant failed to disclose a gift "received by [defendant's] campaign treasurer, Joseph Ancona ... and that the gift was "received by [respondent]." This appears to be simply a typographical error; in the attached letter to the FPPC, plaintiff alleges that the income was a gift *to* defendant *from* Ancona.

However, there is another problem with these causes of action, which the parties do not discuss. In *Hays* v. *Wood, supra*, 25 Cal.3d 772, the court considered the constitutionality of the business income reporting scheme of the 1974 Act. The court stated: "As originally enacted, the current Act's definition of reportable 'income' encompassed, with specified exceptions, 'income of any nature from any source.' (§ 82030, subd. (a).) *Thus, it failed to include a provision crucial to our validation of the 1973 statute—a limitation to income with substantial potential for influence on public duties.* Effective January 1, 1977, however, the section was amended to exclude 'income received from any source outside the [official's] jurisdiction' if the entity constituting the income's source neither plans to do business nor has done business within the jurisdiction in the two years preceding the report. By so confining reportable 'income,' the amended Act adopts an objective standard of material relevance to actual conflict of interest similar to that which we approved in *Nevada.* (11 Cal.3d at pp. 669-670.)" (*Id.*, at p. 782.) (Italics added.)

The *Hays* court then concluded that although the original version of section 82030 was defective, the 1977 amendment applied to a defendant who held office through December 31, 1976, when the relief sought by plaintiff was injunctive. Without deciding whether the "saving" amendment is similarly applicable when a plaintiff seeks the imposition of statutory penalties, we conclude that the version of section 82030, subdivision (a), at issue is not invalid as applied to defendant if the "income" in question was not in fact received from a source outside his jurisdiction. Plaintiff should be allowed the opportunity to amend these causes of action accordingly.

*Seventeenth Through Twentieth Causes of Action:* ▮ Finally, in these causes of action, plaintiff alleges that defendant had a one-third interest in a Concord law firm, and that in his December 1975 and December 1976 statements, he violated section 87207, subdivision (b), in that he intentionally or negligently failed to disclose the source of certain of his law firm income.

At the time of this action, section 87207, subdivision (b), set up a tenfold differential between the disclosure threshold relating to attorneys and brokers and that relating to all other business entities. However, that classification scheme has been declared constitutionally invalid. (*Hayes* v. *Wood, supra*, 25 Cal.3d at p. 795.) As a result, when income of any business entity is required to be reported, the statement

must include the name of every person from whom the business entity received payments only if the filer's pro rata share of gross receipts from such person was equal to or greater than $10,000 during a calendar year. (*Ibid.*; § 87207, subd. (b)(3).)

The complaint did not allege that defendant's pro rata share of law firm income from this source was equal to or greater than $10,000, nor does the complaint to the FPPC make such an allegation. Moreover, on appeal plaintiff does not offer any insight into how these four causes of action could be amended in light of *Hays* v. *Wood.* Therefore, regardless of any allegations of fraudulent concealment, these causes of action are insufficient.

Respondent also argues that appellant's complaint to the FPPC was insufficient as to these causes of action. However, given the above conclusion, this contention need not be addressed.

### Conclusion

We briefly summarize our conclusions.

First, third, and fifth causes of action: Despite allegations of fraudulent concealment, these causes of action are barred by the one-year statute of limitations of the 1973 Act because the complaint was not filed within one year after plaintiff had the opportunity to learn of defendant's alleged nondisclosure.

Second, fourth, and sixth causes of action: Allegations of negligent nondisclosure are insufficient to toll the one-year statute of limitations.

Seventh and ninth causes of action: Allegations of fraudulent concealment are sufficient to toll the two-year statute of limitations of the PRA: the demurrer should not have been sustained as to these two causes of action.

Eighth cause of action: Allegations of negligent nondisclosure are insufficient to toll the two-year statute.

Tenth cause of action: Two-year statute was tolled during administrative proceedings; demurrer should not have been sustained as to this cause of action.

Eleventh cause of action: Facts alleged do not constitute a violation of the PRA.

Twelfth cause of action: Demurrer should not have been sustained, as facts alleged are sufficient to state a cause of action.

Thirteenth through sixteenth causes of action: Facts alleged are sufficient to state a cause of action if amended in light of *Hays* v. *Wood, supra,* 25 Cal.3d 772. Demurrer should not have been sustained without leave to amend.

Seventeenth through twentieth causes of action: Facts alleged do not constitute violation of the PRA. Twentieth cause of action also barred by statute of limitations.

Judgment is affirmed as to causes of action one through six, eight, eleven, and seventeen through twenty. Judgment is reversed as to causes of action seven, nine, ten, twelve, and thirteen through sixteen.

White, P. J., and Barry-Deal, J., concurred.

A petition for a rehearing was denied November 20, 1981, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied December 16, 1981. Mosk, J., was of the opinion that the petition should be granted.