[No. B021891. Second Dist., Div. Four. Apr. 16, 1987.]

ASSUNTA MONTALTI, Plaintiff and Appellant, v.
LUIGI B. CATANZARITI, Defendant and Respondent.

COUNSEL

Phillip Schlosberg for Plaintiff and Appellant.

Ramsey & McNulty, Troy C. Lee, Jr., Robert E. McNulty, Jerry A. Ramsey, Charles F. Saacke, Walter J. Hogan, Brian Holmberg, Steiner & Gerstein and Robert S. Gerstein for Defendant and Respondent.

OPINION

McCLOSKY, J.—Appellant Assunta Montalti appeals from a summary judgment entered against her and in favor of respondent Luigi V. Catanzariti. She contends "A. The statute of limitations on a cause of action under Civil [*sic* Penal] Code sections 631 and 637.2 commences when the plaintiff

knew or should have known of the defendant's unlawful acts [and] B. The trial court erroneously interpreted one phrase of *Ribas* v. *Clark* wherein the Supreme Court was discussing not the statute of limitations but an issue of judicial privilege."

Ms. Montalti filed suit against Mr. Catanzariti on May 28, 1985. In her amended complaint she alleged that Mr. Catanzariti had eavesdropped on her conversations in violation of section 631 of the Penal Code "[c]ommencing in March, 1982, and continuing for several months thereafter." The eavesdropping took place while she and Mr. Catanzariti were married and living together, and she discovered the acts on December 5 and 6, 1984, in the course of dissolution proceedings. She sought recovery of the civil penalty of $3,000 for each violation, pursuant to section 637.2 of the Penal Code.

Mr. Catanzariti made his motion for summary judgment on the ground that the suit was barred by the one-year statute of limitations stated in Code of Civil Procedure section 340. The trial court, relying on what it characterized as dictum in *Ribas* v. *Clark* (1985) 38 Cal.3d 355, 365 [212 Cal.Rptr. 143, 696 P.2d 637, 49 A.L.R.4th 417], granted Mr. Catanzariti's motion.

In *Ribas* v. *Clark, supra,* 38 Cal.3d at page 365, the Supreme Court stated in connection with its discussion of the Civil Code section 47 privilege: "Because the right to such an award [pursuant to Penal Code section 637.2] accrues at the moment of the violation, it is not barred by the judicial privilege."

As the trial judge recognized, the Supreme Court did not address the statute of limitations in *Ribas* v. *Clark*. Its statement referred, rather, to the fact that actual injury need not be proved in an action under Penal Code section 637.2. Its statement is therefore not controlling on this issue. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

The one-year statute of limitations for "[a]n action upon a statute for a penalty" (Code Civ. Proc., § 340, subd. (1))[1] applies to Ms. Montalti's cause of action. The award of $3,000 for each violation is not based upon actual injury. (Pen. Code, § 637.2, subd. (a); *Ribas* v. *Clark, supra,* 38 Cal.3d at p. 365.) The statute is, therefore, a provision for a penalty. (*G.H.I.I.* v. *MTS, Inc.* (1983) 147 Cal.App.3d 256, 277-278 [195 Cal.Rptr. 211, 41 A.L.R.4th 653].)

---

[1]In pertinent part, Code of Civil Procedure 340, subdivision (1) provides that the period prescribed for the commencement of a civil action based on it is ". . . one year [on an] action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation."

▮ The general rule is that a cause of action accrues when the wrongful act is done and not at the time of discovery; the plaintiff's ignorance does not toll the running of the period. (*Myers* v. *Eastwood Care Center, Inc.* (1982) 31 Cal.3d 628, 634-635 [183 Cal.Rptr. 386, 645 P.2d 1218].) It has been noted that the discovery rule, pursuant to which a cause of action accrues when the plaintiff discovers or should have discovered all facts essential to his or her cause of action, has been applied to such a mass of "exceptions" that it threatens to swallow the general rule. (See *April Enterprises, Inc.* v. *KTTV* (1983) 147 Cal.App.3d 805, 828 [195 Cal.Rptr. 421].) The discovery rule has been applied to suits for actual damages for violation of the common law right of privacy by eavesdropping. (*Cain* v. *State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310, 314 [132 Cal.Rptr. 860].)

The Invasion of Privacy Act (Pen. Code, §§ 630-637.2) was enacted "to protect the right of privacy of the people of this state" from what the Legislature perceived as "a serious threat to the free exercise of personal liberties" which "cannot be tolerated in a free and civilized society." (Pen. Code, § 630.) ▮ Section 631 penalizes various forms of secret monitoring of conversations.[2] Eavesdropping by means of an extension telephone is outlawed by the section. (*Ribas* v. *Clark, supra,* 38 Cal.3d at pp. 361-362.)

One common rationale for applying the discovery rule is the unfairness of rewarding a party whose wrongful conduct is of a type not subject to reasonable discovery. (See *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421].) By its nature, secret monitoring of private conversations is conduct not subject to contemporary reasonable discovery. To apply the unswallowed "portions" of the general rule to defeat suits for civil penalties under the Invasion of Privacy Act would reward those most pernicious wrongdoers who successfully maintain the secrecy of their surreptitious acts. (See *April Enterprises, Inc.* v. *KTTV, supra,* 147 Cal.App.3d at p. 827.)

Mr. Catanzariti argues that the policy disfavoring penalties and forfeitures requires application of the general rule to this case. ▮ The Legislature has declared its purpose to protect the citizens of this state from secret monitoring of their private communications. It would be "incongruous and inconsistent" with that stated aim to hold that the statute of limitations

---

[2]The Supreme Court defined "eavesdropping" prohibited by Penal Code section 631, subdivision (a) as "the secret monitoring of conversations by third parties" in *Ribas* v. *Clark, supra,* 38 Cal.3d 355, 359. It has recently held in a case involving juveniles in the custody of the Youth Authority that "eavesdropping" prohibited by Penal Code section 636 includes any nonconsensual monitoring, regardless of whether the parties are aware of the occurrence. (*In re Arias* (1986) 42 Cal.3d 667, 680, fn. 11 [230 Cal.Rptr. 505, 725 P.2d 664].) Although the holding may apply to eavesdropping prohibited by Penal Code section 631, subdivision (a) as well, we deal in this opinion only with the secret monitoring of conversations.

begins to run while the monitoring remains secret. (See *Community Cause v. Boatwright* (1981) 124 Cal.App.3d 888, 899-900 [177 Cal.Rptr. 657].)

Relying on answers given by Ms. Montalti at her deposition in another lawsuit (In re Marriage of Catanzariti (Super. Ct. L.A. County 1982, No. D067026)), Mr. Catanzariti argued below that Ms. Montalti "had reason to know that the defendant had committed these offenses as early as November 29, 1982." If that statement were found to be fact, her cause of action would be barred even under the discovery rule.

Ms. Montalti's deposition responses, however, were directed to a wiretap, of which she was aware on November 29, 1982, and not to eavesdropping on an extension telephone. The present lawsuit is based on eavesdropping on an extension telephone of which she alleges she first became aware on December 4 and 5, 1984.

We note that the trial court did not reach that issue, which must be resolved on remand. We hold only that the discovery rule applies to this case.

The judgment is reversed and remanded for proceedings consistent with this opinion. Appellant is to recover the costs of this appeal.

Woods, P. J., and Kingsley, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 1, 1987.