960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence G. BROWN, Plaintiff-Appellant,
v.
SHIMANO INDUSTRIAL COMPANY, LTD., Defendant-Appellee.
 No. 91-55075.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided April 21, 1992.
 
 Before WALLACE, Chief Judge, and JAMES R. BROWNING and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence Brown appeals from a summary judgment on his claims for misrepresentation, unjust enrichment and misappropriation of trade secrets. He argues that the district court erred in holding that his claims were barred by statutes of limitations. On review of a summary judgment, we view the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists precluding judgment as a matter of law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). We conclude here that material issues of fact exist and reverse.
 
 DISCUSSION
 I. Misrepresentation Claims
 
 3
 The statute of limitations for misrepresentation claims in California is three years. Cal.Civ.Proc.Code § 338(4) (1982). The period begins to run from the time that the plaintiff discovered, or through the exercise of reasonable diligence, should have discovered the facts giving rise to the claim. See id.; April Enterprises, Inc. v. KTTV, 195 Cal.Rptr. 421, 432 (Ct.App.1983). When a plaintiff should have discovered the cause of action is a question of fact unless only one inference can be drawn from the evidence. See, e.g., Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 981 (9th Cir.1980) (applying Cal.Civ.Proc.Code § 338(4)); Leaf v. San Mateo, 163 Cal.Rptr. 711, 717 (Ct.App.1980).
 
 
 4
 Here, the trial court determined as a matter of law that Brown was put on inquiry notice more than three years before he filed this action on November 8, 1988. While evidence exists supporting that conclusion, Brown presented evidence from which a contrary conclusion could be reached. His evidence suggests that Shimano's chainring, the Biopace, was widely perceived as an elliptical chainring characteristic of old technology. Given that, the trial court erred in holding as a matter of law that Brown should have been more suspicious of whether Shimano incorporated his technology.
 
 
 5
 II. Trade Secret Misappropriation and Unjust Enrichment
 
 
 6
 The limitation period for these claims is two years and begins to run from the date of injury, not the date of discovery. See Cal.Civ.Proc.Code § 339(1) (West 1982); Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp., 407 F.2d 288, 292 (9th Cir.1969). The district court held that the period expired in 1985. Brown argues that a question of fact exists whether the limitation period was tolled because of Shimano's fraudulent concealment. To establish fraudulent concealment, a plaintiff must show all of the substantive elements of fraud. Community Cause v. Boatwright, 177 Cal.Rptr. 657, 664 (Ct.App.1981). Those elements are "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages." Okun v. Morton, 250 Cal.Rptr. 220, 235 (Ct.App.), rev. denied, 1988 Cal Lexis 985 (1988).
 
 
 7
 Viewing the evidence in the light most favorable to Brown, one could conclude that Shimano's agents initially represented the Biopace to Brown and the United States bicycle industry as something other than what it was. One could infer that Shimano's agents knew their representations were false and they acted with the intent to prevent Brown from discovering his cause of action. One could also find that Brown justifiably relied on those representations and incurred damages as a result.
 
 
 8
 Shimano argues alternatively that we should affirm the summary judgment on the merits. It contends that Brown will be unable to establish that the information he provided Shimano constituted protected trade secrets. The district court did not reach this issue, and we decline to reach it also. See Golden Nugget, Inc. v. American Stock Exchange, Inc., 828 F.2d 586, 590 (9th Cir.1987) (we are not obligated to reach an issue not decided below).
 
 
 9
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3