70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERNATIONAL BUSINESS MACHINES CORPORATION, Plaintiff-Appellant,
v.
Anagnostis E. ZACHARIADES; Polteco, Inc., Defendants-Appellees.
 No. 94-15388.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 18, 1995.
Decided Nov. 22, 1995.
 
 Before: SKOPIL, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 IBM appeals the district court's grant of summary judgment, contending that the court erred by ruling that IBM's action is time-barred. We agree with the district court that the statute of limitations precludes some of IBM's claims. We disagree, however, that all of IBM's claims are barred. Accordingly, we affirm in part and reverse in part.
 
 I.
 
 3
 The district court ruled that IBM's action is time-barred because the limitations period for all of IBM's claims commenced with the issuance of the '163 patent in May 1986. The district court relied upon Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp., 407 F.2d 288 (9th Cir.1969). Monolith is inapposite, however, because it involved multiple disclosures of the same information, whereas this case involves allegations of a series of continuing contractual violations based on Zachariades' procurement of seven distinct patents. Under California law, separate statute of limitations periods apply to continuing contractual violations. See Singer v. Flying Tiger Line, Inc., 652 F.2d 1349, 1354 (9th Cir.1981), overruled on other grounds by McNaughton v. Dillingham Corp., 707 F.2d 1042, 1048 (9th Cir.1983). We therefore conclude that a separate limitations period applies to IBM's claims relating to each patent. Each limitations period began to run upon the issuance of a patent to Zachariades. Thus, IBM's complaint was timely filed as to claims relating to patents '466, '974, '151, '402, and '472. The action is not timely, however, as to claims relating to patents '163 and '769.
 
 II.
 
 4
 IBM argues that Zachariades' fraudulent concealment of his wrongdoing should operate to toll the statute of limitations as to claims relating to patents '163 and '769. We agree that California's limitations periods may be tolled by a defendant's fraud. See Bernson v. Browning-Ferris Industries, 30 Cal.Rptr.2d 440, 442 (1994). We also agree that nondisclosure by a fiduciary is frequently considered evidence of fraud. Amen v. Merced County Title Co., 25 Cal.Rptr. 65, 68 (1962). We disagree, however, that IBM has shown that it was not at fault for failing to discover the breaches, or that it had no actual or presumptive knowledge of facts sufficient to place it on notice of the breaches. See Community Cause v. Boatwright, 177 Cal.Rptr. 657, 664 (Cal.Ct.App.1981) (to establish fraudulent concealment, plaintiff must demonstrate fraud and an excuse for late discovery of the facts).
 
 
 5
 Issuance of a patent and recordation in the patent office constitute notice to the world of a patent's existence. Sontag Chain Stores Co. v. National Nut Co., 310 U.S. 281, 195 (1940). A plaintiff receives constructive notice of its claims when the patent reveals information sufficient to alert a reasonable person of the need to inquire further. General Bedding Corp. v. Echevarria, 947 F.2d 1395, 1398 (9th Cir.1991). The '163 and '769 patents reveal information which should have alerted IBM of the need to inquire further. The patents reveal that the inventions are related to research conducted by Zachariades at IBM, that the patents were issued to Zachariades and not assigned to IBM, and that the patents were obtained without IBM counsel. We agree with the district court that such facts are entirely consistent with an intention by Zachariades to exploit the patent for his own benefit and should have alerted IBM of the need to inquire further.
 
 
 6
 IBM argues that the constructive notice doctrine should not apply to a case involving fraudulent concealment. This argument is directly contradicted, however, by Community Cause, 177 Cal.Rptr. at 665, holding that a plaintiff has constructive notice of a public record revealing its cause of action, notwithstanding a claim of fraudulent concealment.
 
 
 7
 Finally, IBM contends that a separate limitations period commenced in 1991 when Zachariades refused to execute an assignment to IBM for patents '163 and '769. Thus, IBM argues that one breach occurred when Zachariades obtained the patents and a second breach occurred when he refused to assign the patents. The district court rejected this contention, reasoning that the contract provisions "concern the same obligation, i.e., not to exploit IBM technology for personal gain," and one merely implements the other. We conclude that the limitations period for failure to assign commenced on the date that IBM first could have demanded assignment. See Dillon v. Board of Pension Comm'rs, 116 P.2d 37, 39 (Cal.1941); see also Peles v. LaBounty, 153 Cal.Rptr. 571, 574 (Cal.Ct.App.1979). The limitations periods therefore commenced on the dates that the patents were issued. Accordingly, even if we agreed with IBM that a new cause of action applies to Zachariades' failure to assign, these claims are time-barred as to patents '163 and '769.
 
 
 8
 AFFIRMED as to patents '163 and '769. REVERSED AND REMANDED FOR REINSTATEMENT OF THE COMPLAINT as to patents '466, '974, '451, '402 and '472. Each side is to bear its own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3