Filed 4/21/21  Randle v. Cenlar F.S.B. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| OTTO RANDLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CENLAR F.S.B. d/b/a CENTRAL LOAN ADMINISTRATION AND REPORTING et al.,<br><br>Defendants and Respondents. | B296235<br><br>(Los Angeles County Super. Ct. No. BC676941) |

APPEAL from a judgment of the Superior Court for Los Angeles County, Richard E. Rico, Judge.  Affirmed.

Otto Randle, in pro. per., for Plaintiff and Appellant.

Houser LLP, Robert W. Norman, Jr., Emilie K. Edling and Neil J. Cooper for Defendants and Respondents.

Plaintiff Otto Randle appeals from a judgment of dismissal entered in a lawsuit he brought against an individual, Rita Gayle Farris-Ellison, and three entities, Cenlar F.S.B. d/b/a Central Loan Administration and Reporting (Cenlar), Mortgage Electronic Registration Systems, Inc. (MERS), and the Federal National Mortgage Association (Fannie Mae). The judgment at issue was entered in favor of the three entities after the trial court granted their motion for judgment on the pleadings.[1] We conclude the court did not err in entering judgment in favor of the entities because the statutes of limitation had run and Randle failed to allege (and appears unable to allege) facts sufficient to support application of the discovery rule. Accordingly, we affirm the judgment.

## BACKGROUND

In 2000, Randle inherited the property at issue (his home), free and clear of any mortgage. That year, he took out a $100,000 loan against the property to do home improvements. By 2007, the monthly payments on the mortgage had almost doubled. Randle contacted Farris-Ellison, a loan broker, to see if he could modify his loan to decrease the payment. He alleges that, unbeknownst to him, rather than modifying the existing loan, Farris-Ellison arranged for a new loan

---

[1] The trial court previously had sustained without leave to amend a demurrer by the individual, Farris-Ellison. There is no indication in the record that a judgment or a dismissal order was entered in favor of Farris-Ellison. Randle's notice of appeal identifies only the judgment in favor of the entities.

2

in the amount of $146,000, which was $50,000 more than the amount owed on his original loan; he alleges that Farris-Ellison pocketed that additional money. He concedes that the deed of trust, which states that he signed a promissory note in the amount of $146,000, was recorded against his property on September 25, 2007.[2] He claims, however, that he never signed the deed of trust or promissory note. Nevertheless, he made all the monthly payments on the new loan.

A. *Procedural History Leading to the Motion for Judgment on the Pleadings*

Appearing in propria persona, Randle filed the instant action in September 2017 against Farris-Ellison, IndyMac Bank, F.S.B. (IndyMac), MERS, and Cenlar, alleging claims (1) to quiet title, (2) for declaratory relief, and (3) for cancellation of an instrument. Before all of the defendants answered, Randle filed a first amended complaint alleging the same claims, except he removed IndyMac as a defendant and added Fannie Mae.

Cenlar, MERS, and Fannie Mae filed a demurrer to the first amended complaint. They raised several grounds for the demurrer, including that all of the causes of action were barred by the applicable statutes of limitation, the longest of which is four years. Since the alleged fraud took place in 2007, they argued the claims must be dismissed because Randle failed to allege facts to support application of

---

[2] Randle attached a copy of the recorded deed of trust to his original and first amended complaints.

3

the discovery rule. The trial court sustained the demurrer with leave to amend.

Randle retained an attorney and filed a second amended complaint. The second amended complaint, which is the complaint at issue in this appeal, alleges causes of action for cancellation of an instrument, declaratory relief, and nine other claims.[3] Cenlar, MERS, and Fannie Mae jointly filed an answer to the complaint, and Farris-Ellison filed a demurrer.

The trial court sustained Farris-Ellison's demurrer without leave to amend. As to the cancellation of an instrument and declaratory relief claims, the court based its ruling on statute of limitations grounds, finding that Randle failed to plead facts showing exactly how he discovered the alleged fraud and why he could not have discovered it earlier despite reasonable diligence. As to the remaining claims, the court sustained the demurrer on the ground that Randle failed to obtain permission to add those claims following the sustaining of the demurrer to the first amended complaint. The court issued its ruling on the demurrer on November 14, 2018, and Farris-Ellison gave notice of the ruling on November 20, 2018. It appears, however, that no dismissal order was ever filed.

A month later, Cenlar, MERS, and Fannie Mae filed a motion for judgment on the pleadings. They argued that (1) Randle was not permitted to add new causes of action; (2) all of the causes of action

---

[3] The attorney moved to withdraw as counsel less than a week after filing the complaint; Randle thereafter represented himself.

were barred by the statutes of limitation; and (3) the claims against MERS and Fannie Mae failed because there were no allegations of any wronging by them.  In support of their motion, the entities filed a request for judicial notice of, among other documents, a document that Randle had filed that attached a letter he wrote to IndyMac in February 2010 to complain that it had the incorrect principal amount listed for his loan.

On February 5, 2019, the trial court issued its tentative decision, which addressed only the first and third arguments made by Cenlar, MERS, and Fannie Mae; it granted the motion as to the newly-alleged causes of action on the ground that Randle had not obtained permission to add those claims, and it granted the remaining claims on the ground that there were no allegations of wrongdoing by MERS or Fannie Mae. The court did not in its tentative ruling address the statute of limitations argument, nor did it directly address the cancellation of instrument and declaratory relief claims against Cenlar.  Although the court's minute order stated the court deemed the tentative ruling as its order, the minute order also stated that the court signed the submitted written order and judgment of dismissal.  That written order and judgment states that the court grants the motion for judgment on the pleadings and dismisses the action with prejudice as to Cenlar, MERS, and Fannie Mae.

Randle timely filed a notice of appeal from the February 5, 2019 judgment.[4]

## DISCUSSION

In his appellant's opening brief, Randle raises many issues, most of which are not cognizable in this appeal, either because they relate to the claims against Farris-Ellison (this appeal is only from the judgment in favor of Cenlar, MERS, and Fannie Mae) or they are not adequately briefed with coherent legal arguments supported by citations to legal authority. (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 ["the scope of our review is limited to those issues that have been adequately raised and supported in the appellant's brief"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].) The one issue Randle raises for which he provides citation to legal authority is whether the trial court erred by dismissing the action against Cenlar, MERS, and Fannie Mae, because the statutes of limitation were tolled due to fraudulent concealment.[5] Although Randle did not raise this argument below, we

---

[4]     Randle's notice of appeal mistakenly states that the judgment was entered on February 8, 2019; that is the date Randle was served with notice of entry of the judgment.

[5]     Shortly before oral argument, Randle filed a request for judicial notice. In it, he asks this court to take judicial notice of certain "facts" and documents. Most of the "facts"—such as his belief that the loan documents from the 2007 loan were intentionally kept from him—are not properly subjects of judicial notice. (Evid. Code, § 452, subds. (g), (h).) The remaining

will address it and the related issue of the application of the discovery rule.

## A. *Applicable Statutes of Limitations*

Randle does not properly challenge the dismissal of the newly-alleged claims in the second amended complaint.[6] Therefore, the only claims at issue in this appeal are his claims for cancellation of an instrument and declaratory relief. These claims seek cancellation of the deed of trust and/or promissory note on the ground it was obtained by fraud. Thus, the applicable statute of limitations is either four years for cancellation of instrument (see *Salazar v. Thomas* (2015) 236 Cal.App.4th 467, 476-477 [four-year catchall provision applies]; Code Civ. Proc., § 343; see also Code Civ. Proc., § 337, subd. (c) [four-year statute for rescission of written contract]) or three years for fraud (Code Civ. Proc., § 338, subd. (d)).

The statute of limitations usually starts to run when a cause of action accrues, and a cause of action ordinarily accrues on the date of injury. (*Bernson v. Browning-Ferris Industries* (1994) 7 Cal.4th 926, 931.) However, these principles have been modified by two related rules: the discovery rule and its "close cousin," the rule of fraudulent concealment, both of which operate to toll the running of the statute of

requested facts and documents are not relevant to the only cognizable issue presented in this appeal, i.e., whether the statute of limitations bars Randle's claims. Therefore, we deny his request.

[6] Randle raises the issue in a heading, but includes no discussion addressing the court's ruling and demonstrating any error.

7

limitations, under certain circumstances, until the plaintiff discovers the injury or cause of action. (*Ibid.*)

In this case, the injury to Randle occurred when Farris-Ellison allegedly obtained a $146,000 loan in Randle's name and recorded a deed of trust against his home in 2007.[7]  Because Randle did not bring his claims for cancellation of an instrument and declaratory relief until 2017, both claims are time-barred unless the discovery rule or the rule of fraudulent concealment apply.

B.    *Fraudulent Concealment*

"The doctrine of fraudulent concealment, which is judicially created [citations], limits the typical statute of limitations.  '[T]he defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations. . . .' [Citations.]  In articulating the doctrine, the courts have had as their purpose to disarm a defendant

---

[7]    Randle appears to argue that he suffered new injuries every time Cenlar, MERS, or Fannie Mae sought to collect payment based upon the allegedly fraudulent loan documents.  That argument, however, appears only in a heading in his appellant's opening brief, with no discussion or citation to legal authority, and therefore it is forfeited.  In any event, the fact that Randle may have suffered new injuries by those collection efforts does not mean that his claims accrued each time payments were collected.  Under the theory of continuous accrual, a new cause of action accrues "'each time a wrongful act occurs.'" (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1199.)  But the wrongful act Randle alleges is the fraudulent obtaining of a loan in his name and recording of the deed of trust. The injury Randle allegedly suffered when Cenlar, MERS, or Fannie Mae sought to collect on the loan does not constitute a new wrong act, but rather additional harm arising from the original wrongful act. (See *NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222, 1237-1238, fn. 10.)

who, by his own deception, has caused a claim to become stale and a plaintiff dilatory." (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 533.)

For the fraudulent concealment rule to apply, the plaintiff must plead and prove the substantive elements of fraud and an excuse for late discovery of the facts. (*Community Cause v. Boatwright* (1981) 124 Cal.App.3d 888, 900 (*Boatwright*).) The elements of fraud are (1) a false representation or concealment by the defendant; (2) the defendant's knowledge of the falsity or concealment; (3) the defendant's intent to defraud; (4) the plaintiff's justifiable reliance; and (5) resulting damage. (*Charnay v. Colbert* (2006) 145 Cal.App.4th 170, 184.) To establish an excuse for late discovery, the plaintiff must plead and prove "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." (*Boatwright*, *supra*, 124 Cal.App.3d at p. 900.)

In the present case, the only fraud referenced in the second amended complaint was alleged to have been committed by Farris-Ellison, not by Cenlar, MERS, or Fannie Mae. Because the fraudulent concealment rule is designed to toll the statute of limitations only as to "a defendant who, by his own deception, has caused a claim to become stale and a plaintiff dilatory" (*Regents of University of California v. Superior Court*, *supra*, 20 Cal.4th at p. 533), it cannot be applied to toll the statute as to parties not involved in the alleged fraud. Therefore, the fraudulent concealment rule does not assist Randle here.

9

C.    *Discovery Rule*

The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807 (*Fox*).) Under the rule, the statute of limitations begins to run "once the plaintiff ""has notice or information of circumstances to put a reasonable person *on inquiry. . . .*"" [Citations.] A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110-1111 (*Jolly*).)

To rely upon the discovery rule, "'[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.] In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer [or, in this case, a motion for judgment on the pleadings].'" (*Fox, supra*, 35 Cal.4th at p. 808.)

In the present case, Randle's allegations (and other statements in documents he filed with the court) regarding when and how he

10

discovered the allegedly fraudulent loan changed several times over the course of the lawsuit. In both the original and the first amended complaints, Randle alleged that he first learned about the $146,000 loan when he saw the loan document during litigation he brought against the loan servicer (i.e., Cenlar) in 2016.[8] Randle alleged both a different date of discovery as well as the manner of discovery in the second amended complaint. In that complaint, he alleged he first discovered the alleged fraud in 2017, when he received a notice from a real estate company, offering to take over his $146,000 loan. The complaint stated that this prompted Randle to investigate, including by going to the County Recorder's office to obtain a copy of the loan document; it was only then that Randle learned that what he thought was a loan modification of his $100,000 mortgage in 2007 was, in fact, a new $146,000 loan secured by a deed of trust.

A week after the second amended complaint was filed, Randle filed a document in which he declared under penalty of perjury that he filed a police report against Farris-Ellison, accusing her of fraud, in January 2015, and that he filed a complaint against her with the California Bureau of Real Estate in March 2016. Two and a half months later, Randle filed a motion to which he attached a letter he had written to IndyMac Mortgage Services in February 2010 complaining

---

[8] Randle filed a small claims action against Cenlar in July 2016, alleging he was improperly charged $5,120 while awaiting a loan modification. Judgment was awarded in his favor. A few months later he filed an unlimited civil action against Cenlar based upon the same loan servicing issues. Cenlar's demurrer to that complaint was sustained on res judicata grounds.

that it was showing an incorrect principal amount (he stated it was "about $133,000") on his loan account; IndyMac responded that it would investigate.

Several months later, after Farris-Ellison had filed her demurrer, Randle filed a motion for leave to file a third amended complaint. He explained that the purpose of the third amended complaint was to correct errors in the second amended complaint regarding the time and manner in which he became aware of the allegedly fraudulent promissory note. His verified proposed third amended complaint alleged that (1) the loan servicing agency on the $146,000 loan was transferred five times over the years since the loan's inception; (2) Randle sent letters to each agency requesting the loan documents, but none of the agencies gave him those documents; (3) an employee from Cenlar finally sent Randle a scanned copy of the first page of the promissory note on or about April 7, 2016; (4) it was not until he received that page that Randle realized the loan amount was incorrect, so he started investigating; (5) on February 15, 2017, Randle finally went to the County Recorder's office and obtained a copy of the promissory note, which "had been recorded with [Randle's] forged signature."[9]

---

[9] The trial court denied Randle's motion for leave to file the amended complaint, noting that the motion did not meet the requirements under rule 3.1324 of the California Rules of Court, including the requirement that the moving party state when the facts giving rise to the amended allegation were discovered and the reason why the request for amendment was not made earlier.

Less than two months later (two weeks after the court ruled on Farris-Ellison's demurrer), Randle filed a "revised and corrected" second amended complaint in which he alleged that in October 2015 he received a letter from Reliable Mortgage Company, offering to refinance his $146,000 mortgage, which caused him to realize that he might have been defrauded. Randle also alleged that he filed a police report on January 30, 2016, reporting that an "unknown suspect used [his] information to obtain a loan in addition to his initial loan" without his permission.

A few weeks later, Randle filed what was, in effect, a motion for reconsideration of the trial court's ruling denying him leave to amend upon the sustaining of Farris-Ellison's demurrer. In that motion, Randle explained that the second amended complaint had been drafted by an attorney, who had not shown it to him before it was filed. He stated that the attorney made an error regarding the date he discovered the alleged fraud. Although he provided no details regarding how he discovered it, he stated that he discovered Farris-Ellison's "fraudulent behavior . . . sometime before November 11, 2015, as evidenced by the fact that [he] filed a police report on that date" alleging that Farris-Ellison had "engaged in real estate fraud involving the manipulation of the mortgage which she had obtained for [him]."

Given Randle's ever-changing explanation of how he purportedly discovered the fraudulent loan, it was incumbent upon him to explain the inconsistencies in his stories. Although he explained the incorrect allegation of discovery in the second amended complaint drafted by an attorney, he offered no explanation for the other inconsistencies.

13

Moreover, in none of his complaints, proposed complaints, or other documents did Randle attempt to explain why he was unable to discover the alleged fraudulent loan earlier. In light of his allegation in the second amended complaint that he made all of his monthly payments (at the refinanced amount)—as well as his allegation in his proposed third amended complaint that he had contacted each of the five loan servicing agencies over the years, requesting copies of the loan documents—the trial court reasonably could presume that Randle """"ha[d] notice or information of circumstances to put a reasonable person *on inquiry*"""" (*Jolly, supra,* 44 Cal.3d at p. 1110-1111) no later than 2010, when he wrote to IndyMac because he noticed a discrepancy in the principal loan amount. Because the deed of trust and promissory note evidencing the $146,000 loan were recorded in September 2007, and thus publicly available, the trial court did not err in concluding that Randle did not (and could not) rely upon the discovery rule to avoid the bar of the statute of limitations.

//

//

//

//

//

//

//

//

14

# DISPOSITION

The judgment is affirmed.  Cenlar, MERS, and Fannie Mae shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


CURREY, J.

15