Filed 1/29/14  Alo v. OneWest Bank CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LOURDES C. ALO, | |
| Plaintiff and Appellant, | G047917 |
| v. | (Super. Ct. No. 30-2012-00540246) |
| ONEWEST BANK, FSB et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment and an order of the Superior Court of Orange County, Luis A. Rodriguez, Judge.  Affirmed.  Petition dismissed and stay dissolved.

Law Offices of Thomas Gillen, Thomas W. Gillen and Lenore Albert for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, David R. Zaro and Ryan T. Waggoner for Defendant and Respondent OneWest Bank.

Schiffer & Buss and Eric M. Schiffer for Defendant and Respondent Impac Funding Corp.

*          *          *

Plaintiff Lourdes C. Alo stopped paying her mortgage once she allegedly learned that her appraiser and bank employees had lied to her regarding the value of the subject property. She tried three times to plead a cognizable cause of action against the two banks involved (the remaining defendants are not parties to this appeal), and failed on each occasion. The bank defendants' demurrers were eventually sustained without further leave to amend. We subsequently stayed foreclosure proceedings pursuant to a writ of supersedeas to retain the status quo while this appeal was pending. We conclude that Alo has failed to plead a proper cause of action against either defendant, and we therefore affirm the judgment, dismiss the petition and dissolve the stay.

I

FACTS

*Underlying Facts*

In June 2007, Alo purchased a single family home in Anaheim (the property). She financed the $699,000 purchase price with a loan of $629,100, obtained from Impac Funding Corporation, doing business as Impac Lending Group (collectively Impac). The $629,000 loan was an adjustable rate mortgage at 7.6 percent interest. The loan was secured by a deed of trust with Impac designating Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary. OneWest Bank, FSB (OneWest) allegedly owned Impac as a subsidiary.[1]

Alo used Ultramerica Mortgage in Los Angeles as her mortgage broker, and the property was appraised by Truong V. Nguyen of TNK Appraisal, Inc.[2]

---

[1] A fact disputed by OneWest, which argues it did not exist until 2009 and merely bought the right to service the loan. We shall address this issue *post*.

[2] Both of these entities, along with Nguyen, were named as defendants, but apparently Alo could not locate them.

In May 2007, Truong provided an appraisal that valued the property at $710,000 or $715,000. According to Alo, the appraisal also stated property values in the area had increased in the three preceding years. Alo asserted that she was told by "defendants' lending personnel" that the property was appreciating in value, but in fact the value of the property was never greater than $500,000 and was $406,000 as of September 2012. Alo further claimed she was told that the monthly payments were not subject to increase, the loan was not subject to foreclosure, and that loan modifications were available. Additionally, she claimed the true costs of the loan were not disclosed to her.

Alo asserted that she discovered these facts later, after she had made over $200,000 in payments. Once she learned these facts, she stopped making payments. She began seeking a loan modification in 2009. Her attempts were unsuccessful.

*Procedural History*

Alo filed her initial complaint, which is not included in the record, on January 26, 2012. OneWest demurred, and the court sustained the demurrer. Both OneWest and Impac apparently demurred to the first amended complaint, and the demurrers were once again sustained.

The second amended complaint (the complaint) was filed on September 25, 2012. The complaint alleged causes of action for fraud in the inducement, negative fraud, unjust enrichment, "legal and equitable relief based on fraud and public policy," promissory estoppel, and violations of the unfair competition law (UCL; Bus. & Prof. Code, § 17200 et seq.). Alo sought rescission of her loan and replacement "with a note containing conventional financing terms," reformation of the lending agreement in accordance with defendants' alleged promises, an order prohibiting defendants from

3

"attempting to service the current loan or initiate any non-judicial action to enforce the terms" of the June 2007 mortgage.

Both defendants demurred. Impac argued that none of the claims stated a cause of action. Specifically, Impac asserted that the fraud-related causes of action were barred by the statute of limitations and not pled with sufficient specificity, the unjust enrichment claim did not allege facts sufficient to show an unjust retention of a benefit, the promissory estoppel claim failed to allege a promise by Impac, and the UCL claim was time-barred and insufficiently pled.

OneWest, meanwhile, argued that it was merely a loan servicer that did not exist until March 2009, nearly two years after Alo obtained her loan. Therefore, OneWest had no role in the appraisal or the origination of Alo's loan. OneWest requested judicial notice of its date of charter and the deed of trust on the property.[3]

Alo's opposition can only be characterized as rambling and highly conclusory. It is difficult to summarize. It includes such arguments as: "Defendants would have this Court believe that the cause of action [for fraud] began to accrue when Plaintiff executed the Loan documents. Such a position is untenable as it must be based on the erroneous assumption that Plaintiff knew she fell victims [*sic*] to the fraud at the time of executing the Loan documents, which according to plaintiff's SAC and the allegations therein, this Court knows is entirely untrue." In any event, Alo argued that each cause of action was sufficiently pled. Impac and OneWest filed reply briefs.

A hearing was held on November 15, 2012. A tentative ruling was provided and indicated the court was inclined to sustain the demurrers. After argument, the court sustained the demurrers without further leave to amend. The court found the

---

[3] Alo objected to the request for judicial notice. It does not appear that the court ruled on the request. Alo did not raise this issue on appeal. We find both documents are proper subjects of judicial notice pursuant to Evidence Code sections 452, subdivisions (c) and (h), and section 459.

4

fraud claims were not pled with sufficient specificity and were time-barred. The remaining claims were "dependent on supportable fraud allegations which have not been pled[;] as such they also fail."

On November 19, the court signed an order reflecting its ruling as to OneWest and also signed a judgment reflecting the dismissal. Alo filed a notice of appeal on January 10, 2013. A judgment dismissing Impac was filed on July 25, 2013 and transmitted to this court while this appeal was pending.

Also during the pendency of this appeal, Alo apparently continued to pursue a loan modification. It seems there were difficulties, and on June 26, 2013, Alo received a notice of trustee's sale for July 16.

On July 15, Alo filed an ex parte application seeking injunctive relief to prevent the sale, setting the hearing for July 16. Judge Craig L. Griffin granted a temporary restraining order and set a hearing for August 8 before Judge Luis Rodriguez, who had ruled on the demurrers. On July 30, Judge Rodriguez, on his own motion, vacated the temporary restraining order.

At the hearing on August 8, OneWest argued that Alo had failed to take the appropriate steps, including moving for a stay and posting a bond, to effectuate a stay of foreclosure proceedings. It also argued she could not demonstrate a likelihood of success on the merits, and that no loan modification application was currently pending. Counsel for OneWest stated that during the prior six months, Alo had received multiple opportunities to submit a complete loan modification application, and that her application had been denied on July 10 due to her failure to provide the needed documents. She was given a final opportunity to comply on July 16, but failed to do so. In reply, Alo argued she was not required to seek a stay or post a bond, and she believed this court would reverse the ruling on the demurrers. She also argued OneWest could not pursue foreclosure while "an appeal of her loan modification denial [is] pending." She also

5

claimed she had submitted all of the documents sought by OneWest. The court denied Alo's request, finding "there is zero probability of success on the merits" and her theory regarding appeal of her loan modification was not currently before the court.

Alo subsequently filed a petition for a writ of supersedeas. We stayed foreclosure proceedings pending further orders of this court.

II

DISCUSSION

A. *Standard of Review*

"In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. [Citation.] We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory. [Citation.]" (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) "In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.] We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained. [Citation.]" (*Ibid.*)

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

6

*B.  OneWest*

The complaint alleges that OneWest "has several owned subsidiaries including Impact [*sic*] Funding Corporation dba Impact [*sic*] Lending Group (which was the lender on plaintiff's loan) and Impact [*sic*] Funding Corporation dba Countrywide Home Loans which acted as the 'servicer' on plaintiff's loan."

Along with its demurrer to the complaint, OneWest filed a request for judicial notice of two documents — an FDIC document reflecting that OneWest was chartered on March 19, 2009, and a copy of the deed of trust on the property, which showed the lender as "Impac Funding Corporation dba Impac Lending Group."

It is proper for a court to consider matters which may be judicially noticed when deciding a demurrer.  (*Blank v. Kirwan*, *supra*, 39 Cal.3d 311 at p. 318.)  We are not required to blindly accept *any* fact pleaded in a complaint.  OneWest has submitted evidence that raise an inference that (1) it was not in existence at the time Alo entered into her loan agreement and (2) it was not a parent company of Impac at the time.  As far as we can discern, Alo offered no evidence in rebuttal of either proposition in the trial court.

On appeal, Alo argues that "By way of admission in their own brief, OneWest purchased Appellant's loan . . . ."  In fact, what OneWest stated was that "OneWest merely purchased the right *to service Alo's loan* going forward."  (Italics added.)  Alo offers no evidence of her assertion that "OneWest purchased a loan contract, and as successor-in-interest to that loan contract, OneWest is subject to all potential liabilities and defenses that accompany that contract."  If this were true, establishing it should have been a fairly easy task.  As it is, Alo has offered nothing to rebut the presumption raised by OneWest.

Therefore, the trial court properly sustained OneWest's demurrer.  As there was no reasonable probability of curing this defect after three attempts at pleading, the

7

trial court did not abuse its discretion by refusing further leave to amend. (*Quelimane Co. v. Steward Title Guaranty Co.* (1998) 19 Cal.4th 26, 39.) Moreover, even if Alo had managed to directly implicate OneWest, the reasons discussed below with respect to Impac are equally applicable to OneWest.

## C. Impac

### 1. Fraud

The elements of a cause of action for fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud or induce reliance; and (4) actual reliance by the plaintiff resulting in damage. (Civ. Code, § 1709; *Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255; *Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 173.)

The statute of limitations period for fraud claims is three years. (Code of Civ. Proc., § 338, subd. (d); *Krieger v. Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 219.) Alo purchased her home in June 2007, with the deed of trust signed and notarized on June 21, 2007. Her initial complaint in this action was filed on January 26, 2012, some four years and seven months later. The limitations period runs from the moment a claim accrues. (See Code Civ. Proc., § 312.)

A complaint disclosing on its face that the limitations period has expired in connection with one or more counts is subject to demurrer. (*ABF Capital Corp. v. Berglass* (2005) 130 Cal.App.4th 825, 833.) If a demurrer demonstrates that a pleading is untimely on its face, it becomes the plaintiff's burden "even at the pleading stage" to establish an exception to the limitations period. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1197 (*Aryeh*).)

Despite the statute of limitations constituting a key basis for the court's decision to sustain the demurrers, Alo neglects to mention this issue in her opening brief.

8

In her reply brief, after defendants raised the argument, Alo claimed that the "delayed discovery" rule applied. The delayed discovery rule delays accrual of a cause of action until a party "'discovers, or has reason to discover, the cause of action.' [Citations.]" (*Aryeh*, *supra*, 55 Cal.4th at p. 1192.)

Alo attempted to plead delayed discovery by alleging that she had "only come to discover the true facts herein alleged within the last three years, i.e., after the collapse of the Countrywide portfolio that was then owned by Bank of America, and after defaulting on her loan obligations and having the promises of 'no foreclosure' and loan modification not honored."

Delayed discovery "requires a plaintiff to plead facts showing an excuse for late discovery of the facts underlying his cause of action. [The plaintiff] must show 'that he [or she] was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him [or her] on inquiry. [Citations.]' [Citation.]" (*Prudential Home Mortgage Co. v. Superior Court* (1998) 66 Cal.App.4th 1236, 1247.) Moreover, a plaintiff must allege supporting facts, including the date of discovery, the manner of discovery, and the justification for the failure to discover the fraud earlier, with the same particularity as with a cause of action for fraud. (*Community Cause v. Boatwright* (1981) 124 Cal.App.3d 888, 900-902.) The plaintiff must also show diligence beyond mere conclusory allegations. (*Grisham v. Philip Morris, U.S.A.* (2007) 40 Cal.4th 623, 638.)

First, Alo's pleading is fatally unspecific and conclusory. She does not list a specific date of discovery, or even a readily identifiable time frame. She also fails to meet the rest of the pleading requirements. This alone, after three attempts, would justify sustaining the demurrer without further leave to amend.

Moreover, we do not believe she could plead specific facts in support of delayed discovery. Several of the key facts that Alo alleged as misrepresentations were

9

directly contradicted by her deed of trust, including the claims that she was told that her payments would not change and she would never be foreclosed upon. In the section addressing notice to the borrower of any default, the deed stated: "If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke *the power of sale* and any other remedies permitted by Applicable Law." (Italics added.) The deed of trust also stated that it included an "adjustable rate rider," and an "interest only addendum to rider." Such language gave Alo reasonable notice that her payments were "adjustable" and therefore, the payments could indeed change.

By failing to read the deed of trust, or to inquire further if she did read it, Alo failed to act with the reasonable diligence that delayed discovery requires. The deed of trust also provided her with constructive notice that any of the alleged representations made to her required further inquiry, regarding, for example, the true costs of the loan or the appraised value of the property. We therefore conclude that she failed to satisfy the requirements to plead delayed discovery. Accordingly, the statute of limitations had run more than a year before Alo filed her complaint. The demurrer was properly sustained without leave to amend.[4]

_____

[4] The trial court also concluded that Alo, despite three tries, had failed to plead fraud with the required specificity. We agree and reject Alo's argument, based on a 1983 case, that the heightened rules regarding pleading fraud with particularity no longer apply. "'This particularity requirement necessitates pleading *facts* which "show how, when, where, to whom, and by what means the representations were tendered."' [Citation.]" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.) "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.' [Citation.]" (*Ibid.*) Alo pled only that "Defendants' lending personnel" were responsible for the representations made to her, including the unserved brokerage and appraisal defendants. This was simply not enough to hold Impac (or OneWest) culpable,

*2. Negative Fraud*

We interpret Alo's claim for "negative fraud" as a cause of action for concealment. "[T]he elements of a cause of action for fraud based on concealment are: '"(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. [Citation.]" [Citation.]' [Citation.]" (*Kaldenbach v. Mutual of Omaha Life Ins. Co.* (2009) 178 Cal.App.4th 830, 850.) The same statute of limitations applicable to her cause of action for fraud also applies here. (Code Civ. Proc., § 338.) For the same reasons discussed above, we reject Alo's claim of delayed discovery. Therefore, the statute of limitations bars Alo's claim for negative fraud.

*3. Unjust Enrichment and "Legal and Equitable Relief Based on Fraud and Public Policy"*

"[T]here is no cause of action in California for unjust enrichment. 'The phrase "Unjust Enrichment" does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.' [Citation.] Unjust enrichment is '"a general principle, underlying various legal doctrines and remedies,"' rather than a remedy itself. [Citation.] It is synonymous with restitution. [Citation.]" (*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793; see also *Munoz v. MacMillan* (2011) 195 Cal.App.4th 648, 661; *Hill v. Roll Internat.*

---

and after three tries, the trial court had no reason to believe Alo could do any better. This was sufficient independent grounds for sustaining the demurrer without further leave to amend.

11

*Corp.* (2011) 195 Cal.App.4th 1295, 1307.) As Alo's prayer for relief also includes a request for "restitution," the cause of action for unjust enrichment is purely duplicative, and the demurrer could have been properly sustained on that ground.

Even if such a cause of action was proper, Alo has failed to properly plead it here. Unjust enrichment requires receipt of a benefit and unjust retention of the benefit at the expense of another. (*Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726.) Here, according to the face of the complaint, Alo received the loan proceeds and lived in the property. The property is now worth less than the outstanding balance on the loan. It is difficult to evaluate how Impac was "unjustly enriched" by the loan.

With respect to Alo's claim for "legal and equitable relief based on fraud and public policy," this appears to be a poorly pled request for rescission. As with unjust enrichment, rescission is a remedy, not a cause of action, and rescission was requested in Alo's prayer for relief. Therefore, the cause of action was duplicative and unnecessary, and the demurrer was properly sustained on that basis alone.

Even if such a cause of action was necessary, rescission is proper under Civil Code section 1689, subdivision (b)(1), if "the consent of the party rescinding . . . was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." The statute of limitations on rescission claims is four years (Code Civ. Proc. § 337). For the same reasons we discussed in Section II.C.1, *ante,* delayed discovery does not apply, and the statute of limitations had expired by the time Alo filed her complaint.

### 4. Promissory Estoppel

The elements of promissory estoppel are: "'(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)

12

[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.' [Citation.]" (*US Ecology, Inc. v. State of California* (2005) 129 Cal.App.4th 887, 901-902.) "'Promissory estoppel is a "doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." [Citation.]' [Citation.]" (*Ibid.*)

The "promises" that Alo alleges here relate to various provisions in the loan agreement. Alo claims, for example, that she was promised the initial monthly payments were not subject to increase, and the loan included a "no foreclosure" term.[5] We discussed these "promises" *ante* in conjunction with Alo's fraud claim. As we noted, several of the alleged "promises" were flatly contradicted by the terms of the deed of trust.

Reliance must be reasonable. (*US Ecology, Inc. v. State of California, supra*, 129 Cal.App.4th at pp. 901-902.) When parties are dealing at arm's length, reasonable diligence requires a party to read a contract before signing it. (*Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, 1674.) Here, the "promises" Alo alleged are directly contradicted by the terms of the deed, and it was therefore not reasonable for her to rely on any such promises. As such, her cause of action for promissory estoppel must fail, and the demurrer was properly sustained.

*5. UCL*

Alo's final cause of action was under the UCL. The UCL is codified in Business and Professions Code section 17200 et seq. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." "Because Business and Professions Code

_____

[5] She also alleges the value of the property and its future appreciation were misrepresented, but it impossible to see how a reasonable person could view either as a "promise" rather than as a representation of fact (or opinion).

13

section 17200 is written in the disjunctive, it establishes three varieties of unfair competition — acts or practices which are unlawful, or unfair, or fraudulent." (*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647.)

Although her brief asserts all three prongs of the UCL apply here, and the complaint alleged generally "unlawful, unfair, and fraudulent acts" the complaint pled facts alleging fraud only. The complaint asserted that "Defendant's lending personnel knowingly made materially false, unfair, deceptive, untrue and misleading representations to plaintiff . . . ." These representations were the same representations upon which Alo based her fraud claim.

The statute of limitations on UCL claims is four years. (Bus. & Prof. Code, § 17208.) In *Aryeh*, the California Supreme Court held that the delayed discovery rule could apply to UCL claims, based on the gravamen of the claims. (*Aryeh, supra,* 55 Cal.4th at pp. 1196-1197.) Here, the gravamen is fraud (or, perhaps, general "unfairness"). But for the same reasons we discussed *ante* with respect to Alo's fraud claim, delayed discovery is simply not appropriate on the facts present here. Alo did not adequately plead delayed discovery, nor did she act in a reasonable and diligent manner with respect to availing herself of the information readily available to her. The demurrer was therefore properly sustained.

### 6. *Leave to Amend*

As we noted *ante*, the burden of demonstrating the defects in a complaint can be cured by amendment is on the plaintiff. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) Here, Alo argues her claims were properly pled, and any deficiencies "could readily be addressed by subsequent amendment." We disagree with the first assertion, and the second is merely conclusory. We therefore find no abuse of discretion in denying further leave to amend.

14

### III

### DISPOSITION

The judgment is affirmed.  The writ of supersedeas is dismissed as moot and the stay is dissolved.  In the interests of justice, each party is to bear its own costs on appeal.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.