Filed 6/27/23  Rossiter v. American Honda Motor Co. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LAURENCE ROSSITER et al., | B321877 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. 21STCV38994) |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

Kostas Law Firm and James S. Kostas for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, Trevor J. Ingold, Jessica L. Barakat and Jordan R. Fisher for Defendant and Respondent.

————————————————

Plaintiffs and appellants Laurence Rossiter and Tambia Rossiter (the Rossiters) aver that in October 2015, they purchased an automobile manufactured and/or distributed by defendant and respondent American Honda Motor Co., Inc. (Honda). The Rossiters allege the vehicle contained software that was defective in that it did not properly monitor the operation of the transmission, thereby creating a risk the vehicle would not move forward when accelerating. According to the Rossiters, they did not discover the defect until Honda disclosed it in a letter sent in June 2021. In October 2021, the Rossiters sued Honda for breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.) (sometimes referred to as the Song-Beverly Act). Honda demurred to the complaint as barred by the applicable four-year statute of limitations.

The Rossiters appeal from the judgment of dismissal entered after the trial court sustained Honda's demurrer without leave to amend. On appeal, they argue the delayed discovery rule postpones accrual of the limitations period for their Song-Beverly Act claim. Even if the Rossiters cannot invoke the delayed discovery rule, they contend the trial court abused its discretion in denying leave to amend because they can allege facts triggering the tolling doctrine of fraudulent concealment. The Rossiters further contend they can amend their complaint to add a new cause of action under the Consumer Legal Remedies Act (CLRA; Civ. Code, § 1750 et seq.) based on Honda's failure to disclose a safety defect at the time of purchase.

We reject the Rossiters' contention that the delayed discovery rule postponed commencement of the four-year statute of limitations applicable to their Song-Beverly Act claim. We also

2

conclude the Rossiters have failed to demonstrate they can allege facts sufficient to invoke the fraudulent concealment tolling doctrine. Lastly, we reject the Rossiters' belated request for leave to allege new facts supporting a new cause of action against Honda under the CLRA. For all these reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We summarize only those facts pertinent to our disposition of this appeal.

### 1. *The Rossiters' complaint*

On October 22, 2021, the Rossiters filed their complaint against Honda. In that complaint, the Rossiters alleged only one cause of action: breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act.[1]

Honda "manufactured and/or distributed" a new 2016-year Honda HR-V vehicle that the Rossiters purchased from an authorized Honda dealership "[o]n or about October 21, 2015." The Rossiters concede in their opening brief that they "filed their complaint on October 22, 2021, six years from the date of delivery," meaning the vehicle was delivered to them no later than on October 22, 2015.[2] As part of the sale, Honda provided

---

[1] The remainder of this part summarizes certain allegations from the Rossiters' complaint. We express no opinion on the veracity of these averments.

[2] We may consider this admission in resolving the instant appeal. (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the

3

the Rossiters with two warranties:  (1) "an express limited warranty for a period of 3 years or 36,000 miles whichever came first" and (2) "an express limited power train warranty covering a period of 5 years or 100,000 miles whichever came first."  "The sale also included an implied warranty [of] merchantability that the vehicle was fit for its intended purposes."

The vehicle was equipped with a continuously variable transmission (CVT) that "included software that was designed to monitor the internal operation of the CVT, including fluid pressure and early belt failures."  "At the time of purchase, the software was defective in that it did not properly monitor the CVT's operation as intended creating the risk that the vehicle would not move forward when accelerating."  When the Rossiters purchased the vehicle, "Honda and the selling dealership were aware of the software problem but did not tell [the Rossiters]."

"In or about April of 2019, at approximately 116,000 miles on the odometer, the CVT malfunctioned as a result of the defective software.  The dealership told [the Rossiters] that the vehicle needed a new transmission and that the repair would not be covered under the warranty."  On the date this malfunction occurred, "the dealership and Honda were aware of the CVT software problem but did not tell [the Rossiters]."  The Rossiters "had the transmission replaced by another independent repair facility at their own expense."  On or about June 1, 2021, "the CVT failed again due to the defective software."

---

party.' "]; 9 Witkin, Cal. Procedure (6th ed. 2021) Appeal, § 732, p. 759 ["An express concession or assertion in a brief is frequently treated as an admission of a legal or factual point, controlling in the disposition of the case."].)

"On or about June 22, 2021, [the Rossiters] received a written letter from Honda advising them of the problem with the CVT software and explaining that the problem created the potential for the vehicle to not move forward during acceleration . . . ."  "The letter from Honda was the first notice [the Rossiters] had that there was a software defect that caused their transmission failures."

The Rossiters "could not have discovered the problem" before they had received Honda's letter.  "[T]he CVT software problem was not generally known to the public.  [The Rossiters] are informed and believe and thereon allege that Honda and its selling dealerships did not publicly acknowledge the problem until the June 2021 letter was sent to vehicle owners."

"As a result of the software defect . . . the vehicle is not fit for its intended purposes.  [The Rossiters] lost confidence in the vehicle and stopped driving it."  The Rossiters seek the recovery of damages resulting from Honda's breach of the implied warranty of merchantability, including incidental and consequential damages.

### 2. *Honda's demurrer, the trial court's ruling thereon, and the Rossiters' notice of appeal*

Honda filed a demurrer to the complaint, arguing that the four-year statute of limitations applicable to the Rossiters' Song-Beverly Act claim for breach of an implied warranty had expired on or about October 21, 2019.  The Rossiters opposed the demurrer, and Honda filed a reply.  The trial court heard the matter and sustained the demurrer without leave to amend.  On March 8, 2022, the court issued a judgment of dismissal in accordance with its ruling on Honda's demurrer.

On April 28, 2022, Honda mailed a notice of entry of the judgment to the Rossiters.  On June 27, 2022, the Rossiters timely appealed the judgment.

**STANDARDS OF REVIEW**

" 'When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper.' [Citation.]" (*Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal.App.4th 737, 746.)  "We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action." (*Santa Ana Police Officers Assn. v. City of Santa Ana* (2017) 13 Cal.App.5th 317, 323.)  "[W]e accept as true the well-pleaded allegations in [the] . . . complaint.  ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.] . . . [Citation.] . . . [Citation.]' [Citation.]" (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)  " '[I]t is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory.  [Citation.]' [Citations.]" (*Franklin v. The Monadnock Co.* (2007) 151 Cal.App.4th 252, 257.)

" '[W]hen [a demurrer has been] sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse.' [Citations.]" (*Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1035.)  " 'The plaintiff has the burden of proving that an amendment would cure the defect.  [Citation.]' [Citation.]" (*Shimmon v. Franchise Tax Bd.* (2010) 189 Cal.App.4th 688, 692.)  To discharge that

6

burden, the "[p]laintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (See *Community Cause v. Boatwright* (1981) 124 Cal.App.3d 888, 897 (*Community Cause*).)

" 'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' [Citation.]" (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.) Thus, " ' "it is the appellant's responsibility to affirmatively demonstrate error" ' " by " ' "supply[ing] the reviewing court with some cogent argument supported by legal analysis and citation to the record." ' [Citation.]" (See *Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492, 497; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) The appellant bears this burden of rebutting the presumption of correctness accorded to the trial court's decision, regardless of the applicable standard of review. (See *Los Angeles Unified School Dist.*, at p. 492 [noting that these principles apply to " ' "an appeal from any judgment" ' "]; see also *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 368, 399 [indicating that an appellant must affirmatively show the trial court erred even if the de novo standard of review applies].)

## DISCUSSION

**A.** **The Delayed Discovery Rule Does Not Delay Accrual of Commercial Code Section 2725's Four-Year Statute of Limitations**

The parties agree that Commercial Code section 2725 provides the statute of limitations applicable to the Rossiters' Song-Beverly Act cause of action.[3]

Commercial Code section 2725 provides in pertinent part:
"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. "[¶] . . . [¶]

"(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes

---

[3] (See also *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1305 ["California courts have held that the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by the same statute that governs the statute of limitations for warranties arising under the California Uniform Commercial Code: section 2725 of the California Uniform Commercial Code."].)

8

of action which have accrued before this code becomes effective."

(§ 2725, subds. (1)–(2), (4).)

In their briefing, the Rossiters admit that "under *Commercial Code* §2725, subd. (2), Honda breached the implied warranty on the date of delivery," which was no later than October 22, 2015. (See Factual & Procedural Background, part 1, *ante*.) The Rossiters further concede that "under subd. (2)'s general rule for defining accrual, their cause of action would normally have accrued on the date of delivery even though they did not know of the defective software" at that time. The Rossiters did not file their complaint until October 22, 2021. Therefore, unless an exception to subdivision (2)'s general rule of accrual applies, the Rossiters sued Honda two years after the four-year limitations period on their Song-Beverly Act cause of action expired.

The Rossiters do not argue that Commercial Code section 2725, subdivision (2)'s exception for "a warranty [that] explicitly extends to future performance" applies to their implied warranty Song-Beverly Act claim.[4] (Com. Code, § 2725, subd. (2).) Rather, the Rossiters maintain that section 2725, subdivision (4) authorizes an exception to subdivision (2)'s general rule. According to the Rossiters, "under the

---

[4] In any event, "[b]ecause an implied warranty is one that arises by operation of law rather than by an express agreement of the parties, courts have consistently held it is not a warranty that 'explicitly extends to future performance'" for the purpose of Commercial Code section 2725, subdivision (2). (See *Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 134 (*Cardinal Health 301, Inc.*).)

9

unambiguous language" of subdivision (4), the delayed discovery rule "can be applied to delay accrual until the date they reasonably discovered the defect." We disagree.

The Rossiters' position presumes the delayed discovery rule is a tolling doctrine for the purpose of Commercial Code section 2725, subdivision (4). "[T]he delayed discovery rule . . . 'postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action[,]' " or, put differently, until " 'the plaintiff suspects or should suspect that [his or] her injury was caused by wrongdoing . . . .' [Citation.]" (See *Stella v. Asset Management Consultants, Inc.* (2017) 8 Cal.App.5th 181, 191–192.) Our high court has clarified that a rule that " ' "postpon[es] the accrual of a cause of action" ' " is " ' "to be distinguished from [a] rule[ ] that, despite accrual of the cause of action, toll[s] or suspend[s] the running of the statute." [Citation.]' [Citations.]" (See *Rubenstein v. Doe No. 1* (2017) 3 Cal.5th 903, 911–912, italics omitted.) This distinction between rules that delay the accrual of a cause of action and those that toll the statute of limitations compels rejection of the Rossiters' proposition that the text of Commercial Code section 2725, subdivision (4) "unambiguous[ly]" authorizes resort to the delayed discovery rule.

The Rossiters nonetheless contend we should treat the delayed discovery rule as an aspect of tolling preserved by Commercial Code section 2725, subdivision (4) because like a tolling doctrine, the delayed discovery rule "postpone[s]" or "suspend[s]" the running of the statute of limitations. This argument is belied by the legislative history of Commercial Code section 2725.

10

"Before the enactment of [Commercial Code] section 2725, California applied the discovery rule to determine the accrual date." (*Cardinal Health 301, Inc.*, *supra*, 169 Cal.App.4th at p. 132.)  Under that approach, "the statute of limitations did not begin to run until the breach could be reasonably discoverable by the purchaser." (See *ibid.*)  Conversely, "[w]hen [the Legislature] adopted the Uniform Commercial Code version of the statute of limitations [in 1967], it expressed the clear intent to follow the uniform rule which established tender of delivery as the accrual date, unless the plaintiff shows the warranty 'explicitly extends to future performance.'  ([Com. Code,] § 2725, subd. (2).)" (See *Cardinal Health 301, Inc.*, at p. 132; see also *id.* at p. 129 [further discussing the legislative history of our state's adoption of the Uniform Commercial Code statute, and observing that "[t]he Legislature sought to promote 'uniformity' and to ' "eliminate jurisdictional variations" ' " when it enacted the legislation].)

Were we to deem the delayed discovery rule a tolling doctrine under Commercial Code section 2725, subdivision (4), we would be resurrecting the "pre-section-2725" case law that the Legislature intended to abrogate.  (See *Cardinal Health 301, Inc.*, *supra*, 169 Cal.App.4th at p. 132.)  As " ' "[w]e must select the construction [of a statute] that comports most closely with the apparent intent of the Legislature" ' " (see *People v. Lofchie* (2014) 229 Cal.App.4th 240, 251), we reject the Rossiters' proffered construction of subdivision (4).

In sum, the Rossiters cannot invoke the delayed discovery rule to rescue the untimeliness of their Song-Beverly Act claim.

**B. The Rossiters Fail To Demonstrate They Can Amend Their Complaint To Toll the Statute of Limitations Based on a Fraudulent Concealment Theory of Tolling**

The Rossiters argue fraudulent concealment is an equitable doctrine that, pursuant to Commercial Code section 2725, subdivision (4), tolls the four-year statute of limitations applicable to their Song-Beverly Act claim. The Rossiters further maintain they can amend their complaint to allege fraudulent concealment such that the statute of limitations was tolled until Honda "disclose[d] the existence of the software defect [in] June of 2021 . . . ." Assuming arguendo that fraudulent concealment is a tolling doctrine available to a plaintiff seeking recovery for breach of an implied warranty under the Song-Beverly Act, we conclude that the Rossiters fail to demonstrate they can allege facts sufficient to invoke that doctrine.

"In general the fraudulent concealment by the defendant of a cause of action tolls the relevant statute of limitations, which does not begin to run until the aggrieved party discovers the existence of the cause of action." (*Community Cause*, *supra*, 124 Cal.App.3d at p. 899.) "When a plaintiff alleges the fraudulent concealment of a cause of action, the same pleading and proof is required as in fraud cases: the plaintiff must show (1) the substantive elements of fraud, and (2) an excuse for late discovery of the facts." (*Id.* at p. 900.) With regard to the substantive elements of fraud, "general pleading of the legal conclusion of fraud is insufficient; the facts constituting the fraud must be alleged, and the policy of liberal construction will not ordinarily be involved to sustain such a pleading defective in any material respect." (*Id.* at p. 901.)

12

" '[T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.' [Citation.]" (*Lovejoy v. AT&T Corp.* (2004) 119 Cal.App.4th 151, 157–158 (*Lovejoy*).)

The third element of a fraudulent concealment claim, which some decisions refer to as "intent to induce '*reliance*[,]' " requires an "intent to *induce action* (or inaction) by the plaintiff." (See *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 868–869; see also *Thrifty Payless, Inc. v. The Americana at Brand, LLC* (2013) 218 Cal.App.4th 1230, 1239 [indicating that an " ' "intent to defraud, i.e., to induce reliance" ' " is an essential element of a fraud claim predicated on either a " ' "false representation" ' " or " ' "concealment" ' "] (*Thrifty Payless, Inc.*).)

The Rossiters argue that, "because the latent defect involved a serious material safety issue, Honda had a duty to disclose it to [them]." To support that proposition, the Rossiters cite the portion of their opening brief in which they argue their complaint can be amended to state a claim under the CLRA. They further assert that the *Community Cause* decision cited earlier in this part establishes that "Honda's failure to disclose the existence of the software defect until June of 2021, when the statute of limitations had already expired is a sufficient

13

allegation of fraud." (Citing *Community Cause, supra,* 124 Cal.App.3d at p. 900.) The Rossiters also maintain they can allege facts showing they "were blameless in failing to discover the latent defect sooner and [that] nothing gave them actual or presumptive notice sufficient to put them on inquiry."

In arguing that they can allege sufficient facts to plead fraud on Honda's part, the Rossiters seem to rely upon the following text from the *Community Cause* opinion: "With respect to the fraud itself, '[where] there is a duty to disclose, the disclosure must be full and complete, and any material concealment or misrepresentation will amount to fraud sufficient to entitle the party injured thereby to an action. [Citations.]' [Citation.]" (*Community Cause, supra,* 124 Cal.App.3d at p. 900.) Notwithstanding the Rossiters' argument to the contrary, this quotation from *Community Cause* does not establish that they need only show that Honda violated a duty to disclose a material fact to plead fraud properly.

As set forth above, *Community Cause* held that a plaintiff must plead, inter alia, "the substantive elements of fraud" to benefit from this tolling doctrine. (See *Community Cause, supra,* 124 Cal.App.3d at p. 900.) Fraud includes substantive elements in addition to violation of a duty to disclose, including the defendant's intent to defraud the plaintiff. (See *Lovejoy, supra,* 119 Cal.App.4th at pp. 157–158; *Thrifty Payless, Inc., supra,* 218 Cal.App.4th at p. 1239.)

Furthermore, *Community Cause*'s analysis of the doctrine of fraudulent concealment demonstrates that these other elements of fraud must be pleaded to establish tolling by way of that doctrine. The plaintiff in *Community Cause* alleged that the defendant-state legislator had "intentionally or negligently failed

14

to disclose" certain investments and income in violation of the Political Reform Act of 1974 (PRA) and its predecessor statute. (See *Community Cause*, *supra*, 124 Cal.App.3d at pp. 895–896.) The defendant demurred to the operative complaint, arguing that causes of action arising from certain of his disclosure statements were time-barred. (See *id.* at p. 896.)

The Court of Appeal held that the fraudulent concealment doctrine did not toll the limitations periods for the causes of action predicated on "allegations of [the defendant's] mere *negligent* failure to disclose . . . ." (See *Community Cause*, *supra*, 124 Cal.App.3d at p. 901.) Conversely, the appellate court held that the plaintiff sufficiently alleged fraud with regard to its other causes of action because the plaintiff had pleaded, inter alia, that even though "the defendant was subject to the requirements of either" the PRA or its predecessor, the defendant "intentionally failed to disclose" one of his investments.[5] (See *Community Cause*, at p. 901.)

The *Community Cause* court's discussion of the distinction between the claims predicated on the defendant's negligent failure to make disclosures and his intentional failure to do so would have been superfluous if the mere violation of his statutory disclosure duty would have been sufficient to allege fraud. (See

---

[5] Although the *Community Cause* court held that the allegations supporting these causes of action were "sufficiently specific to satisfy the pleading requirements" for fraud, the Court of Appeal concluded that several of these causes of action were nonetheless time-barred because the plaintiff did not adequately aver an excuse for its "failure to learn of the fraud within the statutory period." (See *Community Cause*, *supra*, 124 Cal.App.3d at pp. 901–903.)

15

*Community Cause, supra*, 124 Cal.App.3d at pp. 897–898 [noting that both the PRA and its predecessor "require[d] periodic disclosures of personal income, and investment and real property interests"].) Thus, when the quotation from the *Community Cause* opinion upon which the Rossiters rely is read in context, it is apparent the Court of Appeal was not holding that the failure to make a full and complete disclosure in violation of a duty to disclose, in and of itself, is sufficient to allege fraud. Rather, *Community Cause* was simply explaining that withholding a material fact in contravention of that duty may support a fraud claim. (See *id.* at p. 900; see also *Lovejoy, supra*, 119 Cal.App.4th at p. 157 [holding that there are five essential elements of a concealment claim, including: "(1) the defendant must have concealed or suppressed a material fact, [and] (2) the defendant must have been under a duty to disclose the fact to the plaintiff"].)

Turning to the substantive elements of fraud, the Rossiters do not argue in their opening brief that they alleged sufficient facts in the complaint to demonstrate that Honda possessed the requisite intent to defraud them, nor do they allege they could allege such facts in an amended pleading. Instead, as set forth above, the Rossiters maintain that Honda's mere failure to disclose the software defect in violation of its duty of disclosure "is a sufficient allegation of fraud."

In its appellate brief, Honda maintains that "the Rossiters failed to meet their burden of proving a reasonable possibility for amending to state fraudulent concealment" because they have not alleged sufficient facts to establish the requisite fraudulent intent. (Boldface & some capitalization omitted.) Although the Rossiters assert in their reply that they can "plead facts bringing

16

the case within the fraudulent concealment doctrine," they do not expound further on that issue.

By failing to address the issue of intent to defraud at all in their briefing, the Rossiters have abandoned any claim that they can, or have already, pleaded sufficient facts to show Honda possessed the requisite intent. (See *Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1273–1274 [noting that " ' " '[o]bvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief[,]' " ' " i.e., to afford " ' " 'the respondent [an] opportunity to answer' " ' " appellant's arguments]; *Needelman v. DeWolf Realty Co., Inc.* (2015) 239 Cal.App.4th 750, 762 ["It is not this court's role to construct arguments that would undermine the lower court's judgment and defeat the presumption of correctness. Rather, an appellant is required to present a cognizable legal argument in support of reversal of the judgment and when the appellant fails to support an issue with pertinent or cognizable argument, 'it may be deemed abandoned and discussion by the reviewing court is unnecessary.' "].)

The trial court thus did not abuse its discretion in denying the Rossiters leave to amend their complaint. Given our analysis, we do not address whether the Rossiters could have amended their pleading to: (1) include the other substantive elements of fraud, and (2) allege an excuse for their supposed late discovery of the facts. (See *Community Cause*, *supra*, 124 Cal.App.3d at p. 900 [identifying the elements of the fraudulent concealment tolling doctrine].)

17

## C. We Reject the Rossiters' Request To Add a New CLRA Cause of Action

As we noted in the Factual and Procedural Background, part 1, *ante*, the only cause of action the Rossiters alleged in their complaint is breach of the implied warranty of merchantability under the Song-Beverly Act. On appeal, the Rossiters ask us to reverse the judgment, remand the matter to the trial court, and instruct that court to allow them to "file an amended complaint stating an additional claim under the CLRA" "based on Honda's failure to disclose a known safety defect at the time of purchase . . . ."

In their appellate briefing, the Rossiters do not claim to have sought leave from the trial court to add this new cause of action. Furthermore, they did not seek such leave in their opposition to the demurrer, the minute order for the hearing on the demurrer does not indicate they sought leave to amend,[6] and the register of actions provided in the parties' joint appendix shows the Rossiters did not file a motion for leave to amend their complaint during the proceedings below.

The Rossiters' briefing indicates they are relying upon the general appellate principles that (1) in reviewing a judgment of dismissal following the sustaining of a demurrer, " '[r]eversible error exists if facts were alleged showing entitlement to relief under any possible legal theory' "; and (2) a plaintiff can " 'demonstrate how he or she can amend the complaint . . . . in the first instance to the appellate court.' " (Quoting *Lee v. Los*

---

[6] The Rossiters' notice designating the appellate record indicates they elected to proceed without a record of the oral proceedings before the trial court.

18

*Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, 853–854, italics omitted.)  Indeed, the Rossiters do not contest Honda's assertion that "[t]his appeal arises from the alleged breach of implied warranty [of merchantability] and also *introduces* an alleged violation of the Consumer Legal Remedies Act."  (Italics added.)

Given these circumstances, we conclude the Rossiters have requested leave to add their CLRA claim for the first time on appeal.  (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186, fn. 2 [presuming that an appellant's argument "was not raised below" because the partial record before the Court of Appeal did not indicate that the "argument was ever made before the trial court"]; *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 [concluding that the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"].)  Nowhere in their briefing do the Rossiters explain why they did not seek leave in the trial court to add such a new claim.  For the reasons discussed below, we reject as procedurally improper the Rossiters' belated request to amend the complaint to add this new claim.

### 1. *The Rossiters seek leave to allege new facts to support a new cause of action under the CLRA*

The Rossiters argue they can state a viable CLRA claim based on their omission theory if they allege the following elements with "reasonable particularity:  (1) identify the omitted facts allegedly known only to the defendant; (2) state facts demonstrating plaintiff did not have reasonable access to those facts based on an objective standard of a reasonable consumer; (3) state facts showing the materiality of those omitted facts; i.e.,

19

a reasonable consumer would consider the omitted facts significant in making [a] purchase decision; [and] (4) state facts showing plaintiff's reliance; i.e. that plaintiff would have acted differently had the omitted facts been disclosed . . . ."[7]

Conversely, the Rossiters admit that their Song-Beverly Act cause of action has elements that differ from those of their proposed CLRA claim.  Specifically, the Rossiters argue "the complaint's substantive allegations state a claim for breach of the implied warranty of merchantability" because they allege: (1) "they purchased a new motor vehicle manufactured and/or distributed by Honda"; (2) "Honda is in the business of manufacturing and/or distributing new motor vehicles"; (3) "at the time of purchase the vehicle had an undisclosed latent defect consisting of defective software that failed to properly monitor the operation of the vehicle's transmission creating the risk that the vehicle would not move forward during acceleration"; (4) "the transmission failed as a result of the defective software"; and (5) "they suffered damages in the form of repair expenses [citation] and other incidental and consequential damages."  On their face, these elements of a Song-Beverly Act claim differ from the elements of a CLRA claim.

_____

[7] The Rossiters suggest at one point in their reply brief that they can also state a CLRA claim based on Honda's "active concealment" of the software defect.  Nevertheless, the Rossiters admit that " '[a] failure to disclose information is an omission, not an affirmative act' " required to plead " 'active concealment' " under the CLRA, and that Honda's supposed "concealment" of the defect was its mere failure to disclose the defect's existence "until June of 2021 when it sent a letter to Honda owners explaining the nature of the problem."  Thus, the Rossiters have tacitly disclaimed any reliance on an active concealment theory.

The Rossiters acknowledge they would need to add new facts to their complaint to state a viable CLRA claim. For instance, the Rossiters represent they "can amend to clarify that until they received the letter describing the software problem as creating the risk that the vehicle would not move forward during acceleration[,] . . . they had no way of knowing or suspecting that a separate component (the defective software) is what actually caused the transmission to fail."

The Rossiters also acknowledge the CLRA has a "prelitigation notice requirement" that precludes a plaintiff from bringing suit unless and until (1) he or she has notified the defendant of "the 'particular alleged violations' and demand[ed] that the alleged wrongdoer 'correct, repair[,] replace, or otherwise rectify the goods . . . alleged to be in violation' of the CLRA" (quoting Civ. Code, § 1782, subds. (a)(1)–(a)(2)), and (2) "the alleged wrongdoer" has failed to do either of the following within 30 days of receiving the notice: "take[ ] corrective action or agree[d] to take corrective action within a reasonable time" (citing Civ. Code, § 1782, subd. (b)). Their complaint does not allege any such prelitigation notice. They argue that they "can in good faith allege compliance with" it. Specifically, the Rossiters assert "[t]hey can allege that they gave the required written notice to Honda while the matter was still before the trial court[, t]he notice identified the alleged violation and demanded that corrective action be taken[,] . . . [and] more than 30 days have elapsed since the notice was given and . . . Honda has not taken corrective action or offered to take corrective action within a reasonable time."

21

Honda contests the adequacy of this notice by arguing that "no such notice was given to [Honda] until *after* the filing of [this] lawsuit." (Italics added.)

Of course, none of these issues concerning the adequacy of the Rossiters' new CLRA claim was aired before the trial court and, as we explain below, they would most likely engender a second appeal were we to allow the Rossiters to attempt to plead a viable CLRA claim. We decline to do so for the reasons set forth in the next part.

> 2. *Liberal rules of pleading following dismissal after the granting of a demurrer do not apply to entirely new claims raised for the first time on appeal and we decline to exercise any discretion we may have to entertain such a new CLRA claim based only on the Rossiters' general statement of facts they say they would allege*

We acknowledge that "an appellate court 'may consider new theories on appeal from the sustaining of a demurrer.' [Citation.]" (See *Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1245 (*Gutierrez*).) That proposition is a corollary of the rule that, in "testing the legal sufficiency of the pleaded facts, . . . appellate courts are to consider 'any possible legal theory' that might support the viability of the cause of action" in reviewing an order sustaining a demurrer. (See *Wittenberg v. Bornstein* (2020) 51 Cal.App.5th 556, 566 (*Wittenberg*).) This approach of "liberally construing pleadings is . . . rooted in the policy allowing a plaintiff to maintain a lawsuit if the plaintiff has, on any theory, properly pleaded facts indicating a valid cause of action." (See *ibid.*)

This rule of liberal construction does not apply with equal force to entirely new causes of action first sought to be added on appeal. As we noted in Discussion, part C.1, *ante*, the Rossiters admit that their original complaint does not allege sufficient facts to state a CLRA cause of action. Therefore, an order permitting them to raise this as of yet unpleaded claim against Honda would not serve the purpose underlying the rule that new legal theories may be raised on review of a demurrer, to wit, "the policy favoring a trial on the merits where the subject pleading discloses viable claims on 'any possible legal theory.'" (See *Wittenberg*, *supra*, 51 Cal.App.5th at p. 566.)

Second, the Rossiters cannot demonstrate the trial court abused its discretion by failing to grant leave to amend where the Rossiters never sought leave below to add a new CLRA cause of action. Admittedly, an appellant need not "formal[ly] request" that the trial court allow that party to file an amended pleading in order to challenge an order sustaining a demurrer without leave to amend. (See 5 Witkin, Cal. Procedure (6th ed. 2021) Pleading, § 1000, pp. 392–393, citing, inter alia, Code Civ. Proc., § 472c, subd. (a).) Nevertheless, "[i]t is the rule that when a trial court sustains a demurrer with leave to amend, the scope of the grant of leave is ordinarily a limited one. It gives the pleader an opportunity to cure the defects in the particular causes of action to which the demurrer was sustained, but that is all. [Citation.] 'The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend.' [Citation.]" (*Community Water Coalition v. Santa Cruz County Local Agency Formation Com.* (2011) 200 Cal.App.4th 1317, 1329 (*Community Water Coalition*).)

Here, Honda demurred on the ground that the four-year statute of limitations applicable to the Rossiters' cause of action under the Song-Beverly Act had "expired two years prior to bringing this action . . . ." The trial court sustained Honda's demurrer without leave to amend. Allowing the Rossiters to add a new CLRA claim would not "cure the defect[ ] in the *particular* cause[ ] of action to which the demurrer was sustained," i.e., it would not render their Song-Beverly Act cause of action timely. (See *Community Water Coalition*, *supra*, 200 Cal.App.4th at p. 1329, italics added.) Accordingly, it was incumbent upon them to " 'obtain[ ] permission' " to " 'add a new cause of action,' " rather than simply expect the trial court to grant them leave to assert this new cause of action as a matter of course.[8]

Put differently, the Rossiters cannot obtain the appellate relief they seek (i.e., reversal with an order permitting them to raise their new claim) because whether they can amend their complaint to state a CLRA claim has no bearing on the validity of the judgment entered in accordance with the trial court's order sustaining Honda's demurrer to the Song-Beverly Act claim

_____

[8] (See *Community Water Coalition*, *supra*, 200 Cal.App.4th at p. 1329; see also Code Civ. Proc., § 472 [providing that "[a] party may amend its pleading once without leave of the court at any time before the answer, demurrer, or motion to strike is filed, or after a demurrer or motion to strike is filed but before the demurrer or motion to strike is heard if the amended pleading is filed and served no later than the date for filing an opposition to the demurrer or motion to strike"]; Weil & Brown, Cal. Prac. Guide: Civil Procedure Before Trial (The Rutter Group 2023) ¶ 6:611, p. 6–181 ["In cases other than as described in CCP § 472 [citation], amendment of any pleading requires a prior court order."].)

without leave to amend. (See Cal. Const., art. VI, § 13 [providing that "[n]o judgment shall be set aside . . . unless . . . [an] *error* complained of has resulted in a miscarriage of justice," italics added].) As explained below, even insofar as we have discretion to entertain the Rossiters' request, judicial economy counsels against allowing them to add their new CLRA claim at this stage.

Had the Rossiters filed a motion for leave to amend during the proceedings below, their motion would have been accompanied by a "copy of the proposed amendment or amended pleading," (see Cal. Rules of Court, rule 3.1324(a)(1)), thereby allowing Honda and the trial court to assess the sufficiency of their proposed allegations. The Rossiters also would have been obligated to submit a declaration detailing "[t]he reasons why the request for amendment was not made earlier." (See *id.*, rule 3.1324(b)(4).) Thereafter, the trial court would have exercised its " ' " 'wide discretion' " ' " in ruling on the Rossiters' motion. (See *Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675, 689 (*Doe*).)

By circumventing that process, the Rossiters have prevented us from meaningfully assessing whether their CLRA claim would be viable. Case law upon which the Rossiters rely indicates that their CLRA cause of action is subject to a pleading standard that is "more lenient . . . than [that] applied to common law fraud claims" and more demanding than the "general rule" requiring that the complaint merely " 'set forth the ultimate facts constituting the cause of action . . . .' [Citation.]" (See *Gutierrez*, *supra*, 19 Cal.App.5th at pp. 1260–1261.) Yet, they make mere general statements about the facts they would allege to support their CLRA claim. For example, the Rossiters maintain they can allege facts showing that "until they received the letter describing

25

the software problem[,] . . . they had no way of knowing or suspecting that a separate component (the defective software) is what actually caused the transmission to fail." This bare representation does not establish that if the Rossiters were granted leave to file an amended pleading, they could allege with reasonable particularity an essential element of their CLRA claim, i.e., that they did not have reasonable access to the fact concealed by Honda (the software defect).[9]

Additionally, as is evident from the Rossiters' recitation of the differing elements of their CLRA claim and their Song-Beverly Act claim (see Discussion, part C.1, *ante*), a CLRA claim is not simply a subset or species of a Song-Beverly Act claim. It raises issues whose resolution would have benefited from the trial court's initial consideration. Had they sought leave to add a CLRA claim, then the validity of such a claim could have been tested below and we would have then been able to review the trial court's ruling as to such a CLRA claim at the same time as we would have been reviewing whether the trial court erred in dismissing the Rossiters' Song-Beverly Act claim. Instead, the path the Rossiters chose increases the likelihood of piecemeal appeals (i.e., there may be a future appeal once again concerning the sufficiency of the CLRA claim) without any explanation as to

---

[9] (See *Torres v. Adventist Health System/West* (2022) 77 Cal.App.5th 500, 507–508, 511–512 [concluding that a CLRA plaintiff alleged with " 'reasonable particularity' " that she lacked reasonable access to information concerning the defendant-hospital's fees because the operative complaint explained why that information was not readily available to her (e.g., the defendant's online "chargemaster used coding and highly abbreviated descriptions that are meaningless to consumers")].)

why they did not seek leave to add the claim below.[10]  (See Cal. Rules of Court, rule 3.1324(b)(4) [requiring a party moving for leave to amend to submit a declaration explaining why the request was not made earlier].)

For these reasons, we decline the Rossiters' invitation to expand the scope of this litigation to include new legal and factual matters that should have been raised during the proceedings below.  (See *Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1326 [" ' "As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal. . . . " 'Bait and switch on appeal not only subjects the parties to avoidable expense, but also wreaks havoc on a judicial system too burdened to re[consider] cases on theories that could have been raised earlier." ' " ' "]; cf. *Doe*, *supra*, 37 Cal.App.5th at p. 689 [noting that " ' " 'unwarranted delay in presenting [an amended pleading] may—of itself—be a valid reason for [a trial court's] denial' " ' " of a request for leave to amend].)

---

[10]  As we noted earlier, the Rossiters assert they gave Honda notice of their CLRA claim "while the matter was still before the trial court."  Thus, it seems they could have sought leave from the trial court to add the CLRA claim.

27

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, Acting P. J.

We concur:

CHANEY, J.

WEINGART, J.